G., C. & S. F. R'y Co. v. R. L. DUNMAN.

(No. 6443.)

APPEAL from Coleman County. Opinion by WHITE, P. J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

§ 99. *Railways; injuries to stock; measure of damages for; evidence of value of animal held inadmissible.* This was a suit for damages brought by Dunman against the railway company, in which he charged the company with negligently operating its train and running the same against a Hereford bull, the property of plaintiff, fatally

disabling it and rendering it totally valueless, to his damage $250. Defendant's answer consisted simply of a general denial. The trial resulted in a verdict and judgment for plaintiff for $225, as the value of his damages, and $15.30 interest; plaintiff remitting the $15.30 in the lower court. The main question at issue, as developed on the trial, was the value of the bull. There was no market for such animals in Coleman county. In such a state of case evidence may be admitted as to the price at the nearest market, as was done in this case; and when no market value can be shown, the intrinsic qualities of the thing, its uses, and any facts which would naturally affect the minds of parties buying and selling, in determining the price to be asked or given, are relevant to the question of value. [1 Civil Cas. Ct. App., § 1147; 2 Civil Cas. Ct. App., § 398.] There was evidence adduced as to the market value of such animals in several of the counties where there was a market for such animals. The verdict and judgment were for an amount in excess of the prices from either of those places where there was a market. Over defendant's objections, one Lewis, a witness for plaintiff, was permitted to testify that plaintiff's bull would have brought $250 from any one that wanted a bull. "He might have brought more. I know of no offer having been made for him." In the absence of a market value, the true measure of damage for killing an animal by a railroad is not what value the owner or a third person might put upon it, but what it was intrinsically worth, considering the value of its services in the uses to which it was put, etc. [1 Civil Cas. Ct. App., §§ 861, 1147.] The evidence of the witness Lewis, as above quoted, was incompetent and inadmissible, and constitutes reversible error, in view of the conflict in the legitimate evidence on this material issue of the value of the animal. Again, the charge of the court upon the measure of the damages was too general and indefinite. The jury should have been instructed with regard to the

rules which should govern them in arriving at the market and intrinsic value of the animal. [1 Civil Cas. Ct. App., §§ 250, 1147, 1148, and authorities cited.]

April 30, 1890.                Reversed and remanded.