GALVESTON, H. & S. A. RY. CO. v. CRIPPEN.†

(Court of Civil Appeals of Texas. El Paso. April 18, 1912. Rehearing Denied May 15, 1912.)

1. CARRIERS (§ 227*)—INJURIES TO FREIGHT —NEGLIGENCE—PETITION—SUFFICIENCY.

A petition, in an action against a carrier for injuries to an animal during shipment, which alleges negligence generally, is good as against a general demurrer.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. § 227.*]

2. CARRIERS (§ 229*) — CARRIAGE OF LIVE STOCK—MEASURE OF DAMAGES.

In the absence of market value of a race horse at point of destination, the measure of damages for injuries during transportation is the difference between the value of the horse in the condition in which it was delivered at the point of destination and the value which the horse would have had if it had been transported with ordinary care.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

3. CARRIERS (§ 158*) — CARRIERS OF LIVE STOCK—LIMITATION OF LIABILITY.

A carrier, having an opportunity to see and know the nature and value of the freight to be carried, cannot by contract, in the absence of misrepresentation or concealment of value by the shipper, relieve itself from liability for full value for loss or damage through its negligence, and where a shipper of a race horse made no misrepresentation or concealment as to value, and the horse was not shipped at a reduced rate, the carrier could not relieve itself from liability for its negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 663–667, 699–703½, 708–710, 718, 718½; Dec. Dig. § 158.*]

4. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Under Court of Civil Appeals Rule 30 (142 S. W. xiii), assignments of error submitted as propositions cannot be considered on appeal where they do not disclose the point.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. EVIDENCE (§ 555*) — INJURY TO LIVE STOCK DURING TRANSPORTATION—MEASURE OF DAMAGES—EVIDENCE.

Where, in an action against a carrier for injuries to a race horse during transportation, the evidence showed that animals of the kind and class of the one injured had no market value at point of destination, a witness testifying to the value of the horse was properly permitted to base his estimate on the races the horse had won and class of horses it had raced with.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. § 555.*]

6. APPEAL AND ERROR (§ 1004*)—VERDICT—CONCLUSIVENESS.

A verdict supported by testimony will not be disturbed on appeal on the ground that the amount awarded thereby is excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by G. W. Crippen against the Galveston, Harrisburg & San Antonio Railway

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

† Writ of error denied by Supreme Court June 26 1912.

Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Beall, Kemp & Parker, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellant. John L. Dyer and C. W. Croom, both of El Paso, for appellee.

HIGGINS, J. Suit by Crippen against appellant to recover damages for alleged injuries to a race horse shipped from Pensacola, Fla., to El Paso, Tex., the injuries to said animal being alleged to have been caused by the negligent operation and switching of the car containing the same in the yards of appellant at El Paso. Upon trial before a jury, verdict was rendered in favor of appellee for the sum of $4,850, in accordance with which judgment was rendered by the court.

[1] Defendant's general demurrer to the plaintiff's petition was properly overruled. It is well settled that a general averment of negligence is sufficient as against a general demurrer. The averment of negligence contained in the petition would perhaps be insufficient as against special exceptions, but it was certainly sufficient as against the general demurrer.

Subdivision "a" of the second assignment is overruled because the producing cause was alleged in the petition, and subdivision "b" is overruled because the statement and argument subjoined do not disclose what the contract of shipment was, nor the terms and conditions under which the horse was accepted for transportation, nor are we referred to any portion of the record to substantiate this contention. Subdivision "b" is overruled for the further reason stated hereinafter in passing upon the correctness of the court's action in refusing a special charge requested by appellant.

[2] In the absence of a market value for the injured animal at El Paso, the measure of plaintiff's damage was the difference between the actual value of the animal in the condition in which she was delivered to plaintiff on her arrival, and the actual value which she would have had if she had been transported with ordinary care, and the court did not err in applying this measure. We have carefully reviewed the testimony in the case, and it is clearly apparent from the testimony of all the witnesses that there was no market value in El Paso for animals of the breed, class, and qualities possessed by the injured animal.

[3] Error is assigned to the refusal of the court to give a special instruction requested by the defendant, as follows: "If they believe from the evidence that the plaintiff, at the time he signed the contract of shipment with the Louisville & Nashville Railway Company, had the option of shipping said horses at a higher rate of freight, under the tariff rate filed in the office of said railway company, or to secure the lower reduced rate, and that for the purpose of securing the lower rate, which entitled the owner to transport with household goods an animal to place of destination, the plaintiff, by fraudulent representation that he was an emigrant, availed himself of the emigrant agreed rate, and that by the terms and conditions of the contract in writing, signed by him, the value of each of the horses was agreed to be $100, which sum was agreed to be the just and reasonable value of said horses upon which the contract of shipment and freight rate to be charged therefor was to be based, and if you believe from the evidence that the carriers, in accepting said horses and freight for shipment at the rate of freight charged, were not advised that they were race horses, or had any extraordinary value, and were being shipped to El Paso for racing purposes, but received said horses at the low rate agreed upon, believing that said plaintiff was an emigrant, and entitled to said rate, and if you further believe that said plaintiff claimed to be an emigrant, having household goods and five horses, which, under said classification, were allowed to be shipped as an 'emigrant outfit,' and that he so did, for the fraudulent purpose of securing a reduced rate for the transportation of his said horses under the contract of shipment aforesaid, then your verdict should be for the defendant, as to the value of said horse agreed upon in said contract."

Our courts have uniformly declined to follow the rule laid down in Hart v. Railway Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717, and in the absence of misrepresentation or concealment of value, and where the carrier has opportunity to see and know the nature and value of the freight to be carried, it cannot by contract relieve itself from liability for full value, if lost or damaged through its negligence. Railway Co. v. Maddox, 75 Tex. 300, 12 S. W. 815; Railway Co. v. D'Arcais, 27 Tex. Civ. App. 57, 64 S. W. 813. Indeed, some of the Texas authorities lay down the broad rule, without any limitations, that when a carrier receives freight, any contract which relieves from liability for its full value, if lost through the carrier's negligence, is unreasonable and void. Railway Co. v. Ball, 80 Tex. 606, 16 S. W. 441; Railway Co. v. Greathouse, 82 Tex. 110, 17 S. W. 834; Railway Co. v. Williams, 31 S. W. 556; Railway Co. v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 895; Railway Co. v. Harriman, 128 S. W. 934. In the instant case there is no evidence whatever of any fraudulent representations that the shipper was an emigrant, or any misrepresentation or concealment in regard to values; nor is there any evidence that the animal was shipped at a reduced rate, except the recitation to that effect in the contract; and as to this matter, defendant's witness Webb, in testifying in regard to rates and classifications, unequivocally stated that the Crip-

pen shipment was not at a reduced rate. For the reasons indicated, the requested charge was properly refused.

[4] The sixth and seventh assignments of error are submitted as propositions. As such they cannot be considered, because they do not disclose the point. Rule 30 (142 S. W. xiii) for the Courts of Civil Appeals.

[5] There was no error in permitting the witness Potter to testify that in estimating the value of the horse he based his estimate upon the races she had won and class of horses she had raced with. As stated above, the proof showed that animals of the kind and class of the injured one had no market value in El Paso; that she was a race horse, and in determining her actual value these were matters to be properly considered. Railway Co. v. Dunman, 16 S. W. 421; Railway Co. v. Davis, 1 White & W. Civ. Cas. Ct. App. § 147; Railway Co. v. Graddy, 139 Ky. 465, 109 S. W. 881, 139 Am. St. Rep. 499. Miller v. Smith, 112 Mass. 475.

[6] The ninth assignment of error, complaining of the amount of the verdict as being excessive and unsupported by the evidence, is overruled. The verdict is supported by the testimony, and we cannot revise the finding of the jury in this respect.

Affirmed.