FT. WORTH & R. G. RY. CO. v. POINDEXTER.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 1, 1913. Rehearing Denied March 8, 1913.)

1. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.

The admission of testimony as to the market value of cattle at G. by a witness not shown to be qualified was harmless, where the evidence showed that the market value at A. and at G. was the same, values at both places being determined by the same market, and the value shown by such testimony was the same as the value was shown to be at A.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

2. EVIDENCE (§ 142*) — RELEVANCY — MARKET VALUE—PLACE OF VALUATION.

Where the market value of cattle at G. was in issue, and it was shown that the market value at G. and A. was the same, the values at both places being determined by the same market, evidence as to the value at A. was competent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. § 142.*]

3. APPEAL AND ERROR (§ 1062*) — REVIEW—HARMLESS ERROR.

In an action against a connecting carrier for negligence in transportation of cattle, where the charge did not authorize damages for the negligence of the initial carrier, the submission of the issue whether the cattle were transported by the initial carrier was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

4. CARRIERS (§ 211*) — CARRIAGE OF LIVE STOCK—FEEDING AND WATERING.

A carrier was not relieved of its statutory duty to feed and water stock transported by the shipper's agreement to feed and water them himself, where it furnished him no facilities for feeding and watering.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 926–928; Dec. Dig. § 211.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

5. APPEAL AND ERROR (§ 302*)—RESERVATION OF GROUNDS OF REVIEW—MOTION FOR NEW TRIAL.

Under the amended rules, an objection. to the charge not included in the motion for a new trial is not available on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 1744–1752; Dec.Dig. § 302.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by Wm. Poindexter against the Ft. Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Ball & Streetman, of Houston, and David B. Trammell, of Ft. Worth, for appellant. Walker & Baker, of Cleburne, for appellee.

CONNER, C. J. [1] The record in this case has been carefully examined, and, while possibly some technical errors have been presented, on the whole we think the judgment must be affirmed. The closest question presented perhaps is. under appellant's first assignment, wherein objection is made to the testimony of the witness Brazell as to the market value of cattle at Grandbury, Tex., for want of qualification. We are not agreed that this witness indicated such knowledge of the market at Grandbury as qualified him to give an opinion of the market value of cattle at that place at the time they should have arrived there and at the time they actually did arrive, but we all conclude that his evidence in this respect was at least harmless, in that there was other testimony to the effect that at the time stated there was no material difference in the market value of cattle at Albany, Tex., and at Grandbury, Tex.; values at both places being determined by the market at Ft. Worth, Tex. Brazell stated the market value of cattle at Albany, and it was not objected that he was without sufficient knowledge to so speak. The witness Poindexter testified to the same effect, and the testimony of the witness Brazell of the market at Grandbury was the same as he stated the market at Albany to be and the same as it was stated by appellee Poindexter to be, from all which it sufficiently appears that the jury could not reasonably have been misled or appellant prejudiced by Brazell's statement on the subject of market value at Grandbury.

[2] We find nothing objectionable in the testimony objected to in the second and third assignments. If the market at Grandbury was the same as at Albany, proof of the market at Albany was, of course, admissible as one way of proving what it was at Grandbury, and the witness Norsworth certainly qualified himself to give his opinion of the ordinary course in development of cattle in good condition placed in the pasture where the cattle in question were driven.

[3, 4] All objection to the court's charge in defining contributory negligence as urged under the fourth assignment was certainly obviated by appellant's special instruction No. 11, given at appellant's request, and which specially submitted the issue of contributory negligence on the part of the plaintiff, his agents or servants, in handling the cattle in question after their arrival at Grandbury, Tex. It is wholly immaterial that the court submitted the issue of whether the cattle were transported from Albany over the Texas Central Railroad as complained of under the fifth assignment, for the reason that, under the charge given, the jury in no event were authorized to assess damages for negligence on the part of the Texas Central Railroad Company. There was neither allegation nor proof that the initial carrier was guilty of negligence, and the jury could not have understood that the appellant company was to be held liable for anything occurring previous to its acceptance of the shipment in question at Dublin, and the provisions in the contract between appellee and the appellant company to the effect that appellee undertook the duty of feeding and watering his cattle were properly ignored, in view of the undisputed testimony that appellant wholly failed to afford any facilities for watering the cattle at Dublin or any other place. The statute relating to the subject imposes upon railway companies the absolute duty of sufficiently feeding and watering stock, and, while it is held that the owner may undertake the performance of this duty, the carrier to make the undertaking available must certainly furnish the proper facilities. While the law does not prescribe the establishment of facilities at any specified place, it does require that proper facilities should be provided at some reasonably convenient place, and none whatever was shown to have been provided in the instance before us.

[5] The objection to the ninth paragraph of the court's charge that it failed to limit a recovery for cattle that died to three head as alleged was not included in appellant's motion for a new trial, and therefore, under the amended rules, is not now available, and no other objection of the court's charge seems tenable.

Appellant's special charge No. 2 to the effect that no duty rested upon appellant to provide facilities for watering cattle at Grandbury was properly rejected for reasons already stated, and the generality of the eighth paragraph of the court's charge in submitting the issue of Brazell's contributory negligence at Dublin was wholly obviated at appellant's special charge No. 8 at its request.

We conclude, as before stated, that no reversible error has been presented, and that the judgment must be affirmed.