## DALE OIL & REFINING CO. v. CITY OF TULIA.
### No. 3306.

Court of Civil Appeals of Texas. Amarillo.
Feb. 5, 1930.
Rehearing Denied March 12, 1930.

Kilgore & Rogers, of Wichita Falls, and Geo. J. Jennings, of Tulia, for appellant.

Dennis Zimmermann and Ray G. Jordan, both of Tulia, for appellee.

HALL, C. J.

The appellant, plaintiff below, sued the city of Tulia to recover an amount alleged. to be due because of the breach of a contract by the city.

The amended petition upon which the case was tried alleged that on the 22d day of April, 1927, plaintiff and defendant entered into a verbal contract by the terms of which plaintiff company sold and defendant city bought 12 to 14 tank cars of gas oil, gravity 32–26 at an agreed price of 5 cents per gallon delivered at Tulia and under the terms of which shipments of said product would be equally spread over a period from May 1, 1927, to February 29, 1928, the defendant obligating itself to advise plaintiff by wire or otherwise of the date of any shipment; that on the following day the plaintiff company executed a written order confirming the purchase and sales agreement, which written order was accepted by the defendant on the 25th day of April, 1927. The written confirmation is set out in the pleading and is as follows:

"Dale Oil & Refining Company
(Incorporated)

"Wichita Falls, Texas.

"Original

"Sales Order No. 1164

"Customer's Order No. 1015–B

"Confirmation of Sale by The Dale Oil & Refining Company

"date 4–23–27 to City of Tulia, Tulia, Texas.

"Delivery. Equally spread from May 1st, 1927, to Feb. 29th, 1928.

"Terms. S/D net—shipments open F. O. B. Electra, Texas.

"Quantity: 12 to 14 T/C

"Description: Gas Oil—Gravity 32–26

"Price .05¢ per gal. delivered Tulia, Tex.

"Remarks: Confirming 'phone conversation between Mr. Bonner and Mr. Huckabee.

"Ship to: City of Tulis, Tulia, Texas, Denver–P&SFE delivery. If for any reason shipping instructions are not furnished according to contract or any portion of this contract not complied with promptly, Seller shall then have option of cancelling same by giving written notice to the Purchaser. All reference and correspondence relative to this order must show above Sale Number. All agreements are contingent upon strikes, accidents and other delays unavoidable or beyond our control. All contracts made for account of this corporation must bear the personally written signature of an officer of the corporation.

"No claims of any character will be allowed unless Seller is given an opportunity to inspect material before unloading.

"A charge of $5.00 per day will be assessed on all tank cars held after 48 hours from date of placement for unloading.

"Dale Oil & Refining Company,

"By D. G. Gray, V. P. & Sales Manager.

"Accepted:

"Date April 25, 1927

"City of Tulia,

"By: B. B. Huckabee, City Mgr."

The plaintiff company alleges that this contract was entered into and the confirmation thereof made by the city of Tulia through its manager B. B. Huckabee, who was duly authorized so to do, that the said agent Huckabee had been theretofore constituted by the defendant corporation as its general agent to make all purchases and do

all things necessary for the operation of the city government, and that the contract set out above was made under said authority with the consent and at the direction of the mayor and board of aldermen of the city and had been ratified by them and adopted as the contract of the city.

The city answered by general demurrer and several special exceptions, a general denial, and specially alleged that the contract was made by Huckabee without the knowledge or consent of the mayor or city commissioners; that it was void for uncertainty, both as to the amount of oil claimed to have been sold, the times of shipping the same, and for lack of mutuality, in that it attempts to bind the defendant and leaves the plaintiff free to terminate the contract at will. It is further alleged that it is the custom in contracts of this character that, in the event the price of the commodity should decline, the buyer should have the benefit of such decline, regardless of the price mentioned in the order, and that such custom prevailed in Swisher county in practically all lines of business, and especially with reference to buying and selling of fuel oil, and that the order given by the city manager was based upon said custom with the expectation of receiving the benefits of any decline, in the event the price of oil should decline, and that plaintiff breached the contract by refusing to give defendant the benefit of such decline, and that defendant did not refuse to accept shipments of said oil until plaintiff breached said contract by refusing to give defendant the benefit of such decline in price.

It is further alleged: "That it was the understanding and agreement in giving said order that plaintiff was not to furnish any more oil than the City of Tulia would use during said period of time, which amount defendant alleges was about 57,000 gallons instead of 120,000 gallons alleged in plaintiff's petition and further that there are tank cars of 8,000 gallons capacity as well as 10,000 gallons capacity and that in placing said order the defendant intended to order not exceeding 8,000 gallon cars. That said contract is further unenforceable because the minds of the parties never met and that no contract was, in fact, ever made."

The answer denying the authority of Huckabee to execute and accept the written order of confirmation and to bind the city thereby was not sworn to, as required by R. S. art. 3734.

In the absence of a plea of non est factum specifically denying Huckabee's authority to make the contract, his power to do so is presumed, and under this statute the writing was admissible as the contract of the city, and the court erred in holding to the contrary.

The appellant duly excepted to the judgment of the court. This gives it the right to attack the court's findings as well as conclusions, without the necessity of a specific objection or exception to each finding of fact. Hess et al. v. Turney et al., 109 Tex. 208, 203 S. W. 593; Edwards v. Youngblood (Tex. Civ. App.) 160 S. W. 288; 3 Tex. Jur. § 162.

We are of the opinion that the court erred in refusing to hear and consider the testimony of the witness Gray as to the market value of the grade of oil specified in the contract. It was shown that fuel oil was sold by only one dealer in Tulia, and that such dealer did not sell the grade contracted for. We think Gray was an expert witness and qualified as such to testify as to market value. He stated he was the president of the plaintiff company, and in April, 1927, was vice president, general manager, and sales manager; that he signed the memorandum agreement introduced in evidence. The bill of exception shows that he was selling fuel oil during the period embraced within the terms of this contract over a wide territory and was fully qualified to testify as to market value of such oil in the territory which included Tulia. He stated that he knew the market value of such oil at Tulia, and based his ability to so testify upon his knowledge of the market value of such oil at Amarillo, Borger, Wichita Falls, and other oil centers where there were refineries. He testified that he knew what the freight rate on such oil was from these several places to Tulia, and from his knowledge of these facts he was able to state that the market value at Tulia was the market value at Amarillo or other nearby refineries, plus the transportation to Tulia. Where there has been no sale of personal property or a commodity of a given kind in the particular place involved, then its market value may be shown by proving such value at the nearest market and adding thereto the cost of transportation, A., T. & S. F. Ry. Co. v. Nation & Slavens (Tex. Civ. App.) 92 S. W. 823; Kerr v. Blair, 47 Tex. Civ. App. 406, 105 S. W. 548; G., C. & S. F. Ry. Co. v. Dunman (Tex. App.) 16 S. W. 421; 2 Jones on Evidence (2d Ed.) § 702; and this is especially true, where, as in this case, market value at Tulia is governed by such value at Amarillo and other oil centers where there were refineries. Western Union Telegraph Co. v. Gorman & Wilson (Tex. Civ. App.) 174 S. W. 925; F. W. & R. G. Ry. v. Poindexter (Tex. Civ. App.) 154 S. W. 581.

The rule is settled that a witness, when testifying as to value, may refresh his memory by reference to established and recognized market reports and other authentic means of information. Under this rule Gray could refer to the National Petroleum News and the Handbook issued by that publishing

company for the purpose of showing the prices of such oil at various times during the duration of the contract. The rule that uncertain damages cannot be recovered does not apply where only the amount is uncertain. Cotherman v. Oriental Oil Co. (Tex. Civ. App.) 272 S. W. 616; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co. (Tex. Civ. App.) 271 S. W. 145; Eureka Producing Co. v. Hoyt (Tex. Civ. App.) 266 S. W. 203. The witness should have been allowed to testify as to the market value of the specific oil involved upon dates equally spread from May 1, 1927, to February 29, 1928. The fact that he could not give the exact date upon which any certain car of oil may have been shipped would affect the weight of his testimony, but not its admissibility.

We further think the court erred in permitting the witness Huckabee to testify as to a' contemporaneous parol understanding between the witness and Gray, to the effect that the city was to get the decline in price of oil, if any, during the life of the contract. Whether the writing introduced in evidence referred to as a confirmation of the verbal sale is complete and states fully all of the terms of the contract is immaterial. The price agreed upon as stated in the writing is 5 cents per gallon delivered at Tulia. The evidence introduced contradicted this statement, and the rule insisted upon by appellee that, where a contract is not complete, additional terms may be shown by parol, does not apply, where the effect of the parol evidence is to contradict the terms specifically stated in the writing.

We think the court erred in finding as a fact that the oil offered by plaintiff in compliance with the terms of the contract differed from that specified in the contract. There is neither pleading nor testimony to sustain such finding. The evidence shows that the plaintiff from time to time, during the contract period, tendered such oil as the contract describes, and that the city refused to accept it.

The contention that the contract is void for uncertainty, because it does not state the dates upon which the several shipments were to be made, is without merit. Under the writing it was the duty of the plaintiff, appellant herein, to ship when ordered to do so by the city or its duly authorized officer, and the court erred in holding the contract void for such uncertainty. The testimony is that the shipments were to be made upon demand and as provided in the contract at times "equally spread" over the contract period. The testimony shows that the term "equally spread" was inserted in the contract in order to protect the appellant from having to ship the entire amount at one time and to insure the shipment in such amounts and at such times as the fuel would be needed by the city in its power plant.

In view of another trial, and for the purpose of disposing of certain contentions urged in appellee's brief, it is proper for us to say that in our opinion the writing is not void for uncertainty. It contains every element of a complete contract, and, when construed in connection with the oral testimony, is not void for want of mutuality. It evidences a sale and acceptance thereof by the city through Huckabee, the city manager, on April 25, 1927, of from 12 to 14 tank cars of fuel oil of the designated class and quality at the price of 5 cents per gallon delivered in Tulia. The fact that it is a sale on the one hand and a purchase on the other of 12 to 14 tank cars, shipments to be equally spread over a period of ten months, does not render it void for uncertainty. These are matters which can be made certain by the testimony. The contract is enforceable as to the minimum amount. Taylor Cotton Oil Co. v. Early-Foster Co. (Tex. Civ. App.) 204 S. W. 1179; Texarkana Pipe Works v. Caddo Oil Refining Co. (Tex. Civ. App.) 228 S. W. 586; Loeb v. Winnsboro Cotton Oil Co. (Tex. Civ. App.) 93 S. W. 515. The dates when the city would probably have ordered the oil, if the contract had been complied with, may be shown with reasonable certainty by proving when it ordered oil for the same purposes from other sellers.

This court discussed the question of the validity of a contract for uncertainty in the particulars suggested with reference to the contract in the instant case in the case of Grand Prairie Gravel Co. et al. v. Joe B. Wills Co. (Tex. Civ. App.) 188 S. W. 680, in which a writ of error was refused. No good purpose can be served by quoting at length from that opinion. Suffice it to say that the fundamental rules relating to the uncertainty of contracts and their invalidity for want of mutuality are expressed at some length therein, and we think the principles announced therein and in the cases cited are applicable to the case at bar. See, also, T. W. Jenkins & Co. v. Anaheim Sugar Co. (C. C. A.) 247 F. 958, L. R. A. 1918E, 293.

For the reasons stated, the judgment is reversed, and the cause remanded.