### Southern Kansas Railway Company of Texas v. Curtis Brothers & Davidson.

#### Decided December 15, 1906.

**1.—Error in Submitting Issue—Cured by Verdict.**

Where several carriers are sued for damages to a shipment of cattle during transportation and for delay in furnishing cars for said shipment, and under the evidence only the initial carrier could have been liable for the delay in furnishing cars, error in submitting that issue as to all the defendants was rendered harmless by the verdict of the jury in favor of the initial carrier on that issue.

**2.—Foreign and Domestic Laws—Presumption of Similarity.**

In the absence of evidence to the contrary it will be presumed that the laws of other States and Territories are the same as our own. Therefore, in a suit in Texas for damages to a shipment of cattle upon a contract executed in New Mexico, it was a question of fact to be submitted to a jury whether or not a provision in said contract, requiring notice of a claim for damages to be filed with the company within ninety-one days after the damage occurred, was a reasonable requirement, such being the law in Texas.

**3.—Shipping Contract—Notice of Loss—Decline in Market.**

The loss sustained by a shipper of cattle by reason of delay in transportation and decline in the price of cattle is not included in a stipulation in the shipping contract for notice in writing of loss or injury to the stock.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*J. W. Terry* and *Madden & Trulove,* for appellants.—That the contract was lawful and binding in New Mexico, where executed, see Compiled Laws of New Mexico (1897), sec. 3847, par. 11, p. 942.

That the validity of a stipulation in a contract limiting a carrier's liability is to be determined by the law of the place where the contract is made and the transportation commences, without reference to the law of the place of destination or that of the place where the injury occurs, see Pittman v. Pacific Ex. Co., 24 Texas Civ. App., 595; Mexican Nat. Ry. v. Ware, 60 S. W. Rep., 343; 11 Wharton on C. L., p. 1063, sec. 471b; 6 Cyc., p. 411.

That contracts for transportation of property interstate, which limit the liability of each connecting carrier to its own acts and line, are not only not against the policy of this State, but recognized by it, see McCarn v. International & G. N. Ry. Co., 84 Texas, 352; Gulf, C. & S. F. Ry. Co. v. Looney, 85 Texas, 159; Galveston, H. & S. A. Ry. Co. v. Short, 25 S. W. Rep., 142.

*Matlock, Miller & Dycus,* for appellees.—The jury having found against the plaintiffs in favor of the Pecos & Northern Texas Ry. Co., who was the only defendant to whom the order to furnish cars was given, that issue is eliminated from the case and is not now before the court. Missouri, K. & T. Ry. Co. v. Godair Commission Co., 87 S. W. Rep., 871; Southern Kansas Ry. Co. v. Burgess, 90 S. W. Rep., 192; Western U. Tel. Co. v. Lovely, 52 S. W. Rep., 563.

If the defendant company failed to furnish cars within a reasonable time, it would not be relieved from responsibility resulting in damages to appellees from a breach of such duty by means of the written contract. Gulf, C. & S. F. Ry. Co. v. House, 88 S. W. Rep., 1111; Receiver v. Graves, 16 S. W. Rep., 105.

The provision regarding notice within 91 days is void, because dependent upon and mingled with provision requiring notice before stock were removed from place of destination and before being mingled with other stock. Reeves v. T. & P. Ry., 11 Texas Civ. App., 514; Missouri, K. & T. Ry. Co. v. Harris, 67 Texas, 171; Kansas & A. V. Ry. v. Ayers, 38 S. W. Rep., 576.

SPEER, ASSOCIATE JUSTICE.—Curtis Brothers & Davidson sued the Pecos & Northern Texas Railway Company, the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fe Railway Company, to recover damages for their failure to furnish cars and for delays and rough handling of three trains of cattle shipped from Portales, New Mexico, to Kansas City, Missouri. The trial resulted in a verdict and judgment in favor of plaintiffs against the Southern Kansas Railway Company of Texas for two hundred and ninety-five dollars, and against the Atchison, Topeka & Santa Fe Railway Company for seventeen hundred and seventy dollars, and in favor of the Pecos & Northern Texas Railway Company. From this judgment the losing defendants have appealed.

Appellants' complaint that the court erred in the first division or paragraph of his charge in submitting the question of their liability to appellee for any delay there might have been in furnishing cars at Portales, New Mexico, is without merit, since under the undisputed evidence the only defendant which could have been held liable for such delay was the Pecos & Northern Texas Railway Company, and the jury found in favor of that company. The worst to be said of the charge is that it was calculated to mislead the jury in that it submitted as against these appellants an issue upon which there was no evidence, but the finding aforesaid in favor of the only road as to which there was evidence of liability is a complete answer to this suggestion.

The second complaint is that the court erred in refusing to give a peremptory instruction to find for these appellants. This charge is predicated upon the contention that the written contracts upon which the shipments in question were made stipulate as a condition precedent to appellee's right to recover damages for any loss or injury to the stock during transportation, or at any place or places where loaded or unloaded or previous to loading for shipment, that they should present a written claim therefor within ninety-one days after such damages may

have accrued, and that under the laws of New Mexico, where such contracts were executed, such provision was valid and binding.

In the first place, the only proof of the laws of New Mexico bearing upon this question found in the record is as follows: "Defendants offer in evidence specifically paragraph 11 of chapter 6, article 3847 of title 39, of the laws of New Mexico, which is as follows: 'Eleven. To regulate the time and the manner in which passengers and property shall be transported over its roads and the tolls or compensation to be paid therefor: provided that it shall be unlawful, for such corporation to charge more than six cents per mile for each passenger and fifteen cents per mile for each ton of two thousand pounds or forty cubic feet of freight transported on its roads; provided further that in no case shall such corporation be required to receive less than twenty-five cents for any one lot of freight for any distance; provided further that such corporation shall not be required to transport domestic animals, nitroglycerin compounds, gun powder, acids, phosphorous, and other explosive or destructive combustible materials, except upon such terms and conditions and rates of freightage as its board of directors may from time to time prescribe and establish.'" And further, "defendants now offer in evidence the entire book of laws of the Territory of New Mexico to show that there is no law in conflict with the one read, and to show that the same has never been repealed," but which book of the laws of the Territory of New Mexico happily has not been transcribed into the record. The record contains nothing to show that the board of directors of the Pecos Valley & Northeastern Railway Company, the New Mexico corporation upon whose line the shipments in controversy originated and which company was not sued, ever prescribed or established the terms, conditions and rates of freightage upon which such company would receive and transport domestic animals. In the absence of evidence to the contrary, the presumption arises that the laws of New Mexico are the same as those of Texas (Burgess v. Western Union Telegraph Co., 92 Texas, 125), and that under them a provision requiring notice of a claim for damages to be filed within ninety-one days must be reasonable or the same will not be enforced. The question of whether or not ninety-one days was a reasonable time under the circumstances of this case was submitted to the jury. For this reason, if for no other, the summary instruction was properly refused. Besides, the Legislature could not have meant to authorize the making of an unreasonable contract.

What we have just said also disposes of appellants' third assignment of error, in which it is insisted that the verdict and judgment are contrary to and unsupported by the law and the facts, in that the shipment was under contracts executed in New Mexico and valid under the laws of such Territory and appellees had failed to give the written notice within the time stipulated. We might here remark, however, that there is some evidence tending to show that such notice was given within the ninety-one days, and that question was submitted by the court, which itself is another sufficient answer to the second and third assignments of error.

The fourth and fifth assignments are substantially the same as the second and third, and the sixth presents a question which has been expressly decided against appellants' contention in Pecos & Northern

Texas Railway Company v. Evans-Snider-Buel Company, 15 Texas Ct. Rep., 199, and 16 Texas Ct. Rep., 978. The assignment questions the correctness of the court's charge to the effect that a depreciation in the market price of appellees' cattle resulting from appellants' negligent delays is not covered by the stipulation for a notice in writing for loss or injury to their stock.

Finding no error in the judgment, we order that the same be affirmed.

*Affirmed.*

Writ of error refused.