HOVEY et al. v. TANKERSLEY. (No. 5481.)

(Court of Civil Appeals of Texas. Austin. April 21, 1915. Rehearing Denied May 26, 1915.)

1. CARRIERS ⬡═46—INTERSTATE COMMERCE—BILLS OF LADING.

The validity of a provision in a bill of lading issued by a carrier for an interstate shipment must be determined under the federal Interstate Commerce Acts (Act Feb. 4, 1887, c. 104, 24 Stat. 379, as amended by Act June 29, 1906, c. 3591, 24 Stat. 584).

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 220; Dec. Dig. ⬡═46.]

2. CARRIERS ⬡═228 — CARRIAGE OF LIVE STOCK—BURDEN OF PROOF.

Under Act Cong. Feb. 4, 1887, as amended by the Hepburn-Carmack Act, requiring common carriers to transport interstate shipments upon just and reasonable terms, an interstate carrier has the burden of showing that a provision in its bill of lading is reasonable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ⬡═228.]

3. CARRIERS ⬡═218 — CARRIAGE OF LIVE STOCK—ACTION—REASONABLENESS.

Under Act Cong. Feb. 4, 1887, as amended by the Hepburn-Carmack Act, requiring interstate shipments to be transported upon reasonable terms, a provision, in a bill of lading for the shipment of live stock, that, as a condition precedent to a right of action for damages for injuries to the stock, the shipper must give written notice to the nearest station agent of the carrier or to the agent at destination before the stock can be removed, or mingled with others, such written notice to be served within one day after delivery, and the stock not to be moved within three hours after service, is unreasonable where it does not appear that the carrier had an agent at place of destination, or that notice could have been given within the time fixed, and the justice of the demand is not denied.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. ⬡═218.]

Error from Irion County Court; W. F. Fokes, Judge.

Action by Fayette Tankersley against S. B. Hovey and another, as receivers of the Kansas City, Mexico & Orient Railway Company. There was a judgment for plaintiff, and defendants bring error. Affirmed.

H. S. Garrett, of San Angelo, for plaintiffs in error. Blanks, Collins & Jackson, of San Angelo, for defendant in error.

RICE, J. This suit was brought by defendant in error, plaintiff below, to recover damages to a shipment of cattle from Mertzon, Tex., to Wichita, Kan., over plaintiffs in error's lines of railway. The negligence alleged consisted of rough handling and delay in transit resulting in extra feed charges, depreciation in market value, decline in price and shrinkage, aggregating a total of $720.25. The defense was that it was an interstate shipment, and that on account of the reduced rate given the shipper, defendant in error entered into a written contract containing a provision, as a condition precedent to his right to maintain this suit, that he agreed to give plaintiffs in error one day's written notice of any damages claimed by him before the cattle were moved from point of destination or intermingled with other cattle, and then hold same for three hours for inspection by plaintiffs in error; that no such notice was ever given, whereby defendant in error lost his right of action, if any he had, and praying an abatement of the suit. The section of the contract referred to reads as follows:

"As a condition precedent to the right to institute a suit for the recovery of damages for any loss or injury to live stock covered by this contract for any cause, including delays, the shipper will give notice in writing of the claim therefor to the nearest station agent of the carrier or to the agent at destination, or to some general officer of the delivering line before such stock is removed from point of shipment or slaughtered or mingled with other stock, such written notice to be served within one day after the delivery of stock at destination, and will not move said stock from destination or place of delivery to consignee within three hours after notice is served, to the end that such claim may be fully and fairly investigated, provided that a failure to comply with the provisions of this clause shall be a bar to the recovery of any and all such damages."

When the case was called for trial the defendant in error reduced the amount of his claim to $300, whereupon an agreement was made by the parties that defendant in error had a good cause of action for $300, subject to be defeated by the facts set up in plaintiffs in error's plea relative to giving said notice, failure to comply with which on the part of defendant in error was admitted. The case was tried before the court without a jury, and judgment rendered for the defendant in error for $300, with legal interest thereon, from which this appeal is prosecuted.

[1-3] Error is predicated on the court's failure to sustain plaintiffs in error's defense of failure on the part of defendant in error to give notice of his claim for damages, as required by the terms of the written contract of shipment, as above set out, contending that the giving of such notice was a condition precedent to his right to institute and maintain this suit. The provision in question, under our state statute, would be absolutely void and nonenforceable. See article 5714, R. S. 1911. But its validity must be tested by the federal statutes on the subject, and the decisions thereunder. See G., H. & S. A. Ry. Co. v. Sparks, 162 S. W. 943. By

the act of February 4, 1887, as amended June 29, 1906, known as the Hepburn-Carmack Act, common carriers engaged in interstate commerce are authorized to establish, observe, and enforce just and reasonable classifications of property with reference to which rates, tariffs, regulations, and practices are to be prescribed, and just and reasonable regulations made with reference to the form and substance of bills of lading; and they are also required to transport interstate shipments upon just and reasonable terms, and all unjust or unreasonable regulations and practices with reference to commerce between the states are expressly prohibited and declared to be unlawful. See subdivision 4, § 8563, U. S. Comp. St. 1913. But it is contended by defendant in error that the provision in question is unreasonable in failing to point out and name some agent to whom the notice may be delivered, and therefore the trial court was justified in rendering judgment for him. It may be observed that there was neither allegation nor proof that plaintiffs in error had any agent at Wichita, Kan., the point of destination of this shipment; nor was there either allegation or proof that the delivering carrier had either local or general agents at the point of destination to whom notice might have been given. If this feature of the contract is unreasonable, as claimed by defendant in error, then the proper judgment was rendered. The burden of proof was on plaintiff in error to show its reasonableness. See Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Tex. 111, 17 S. W. 834 (eighth subdivision); Railway Co. v. Fagan, 72 Tex. 132, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776; Railway Co. v. Harris, 67 Tex. 167, 2 S. W. 574. In Railway Co. v. Greathouse, supra, where the provisions of a similar contract were under consideration, Mr. Justice Fisher said:

"When such provisions of a carrier's contract are enforced, it is upon the assumption that such agreement is reasonable when considered in the light of the subject-matter of the contract and the circumstances and surroundings of the parties. To prove that such conditions in the contract are reasonable is a burden resting upon the carrier, who must show by proper pleadings and evidence the existence of facts that call for an enforcement of the condition. There were no pleadings and proof whatever upon this question coming from the carrier."

The federal statute upon the subject for the regulation of interstate commerce, as we have seen, provides that all such regulations must be just and reasonable. Is this provision reasonable? It is not alleged or shown that the company had an agent at the point of destination; nor does it appear that it would have been practicable, under the circumstances surrounding the shipper at the time of arrival, to have given notice within the time named. It is probable that he may not have discovered the injuries to the cattle upon their arrival and in time to have given the notice required. Would a failure to give notice under such circumstances defeat his right of action? We think not. Mr. Chief Justice Tarlton, in the case of Mo. Pac. Ry. Co. v. Paine, 1 Tex. Civ. App. 623, 21 S. W. 79, in discussing a contract containing a similar provision, says:

"The contract, * * * as pleaded, is upon its face unreasonable. It fails to state the name of the agent in Chicago to whom the notice must be given. It required the plaintiff to leave his stock, on the arrival of the cars at the point of destination, and within 24 hours to seek and find the person to whom notice should be given, without indicating to him whether or where such person would be found, or at what hour he would be found at his place of business. It may well be conceived that a large corporation in an immense city has numerous agents engaged in different departments of its business other than the particular agent charged with the duty of investigating claims of the character here in question. We can understand how the shipper, under such circumstances, would interview one after another of these agents, only to be truthfully told by each agent interviewed that he was not authorized to pass upon such a demand. We do not hold that a contract requiring the shipper to give notice is necessarily invalid, but we do hold that it is unreasonable, and cannot be enforced, unless it be made to appear that the person to be notified is so conveniently accessible to the person who is to give the notice as that the latter can reasonably discharge that duty within the time limited by the contract. The burden rests upon the carrier to show that this condition exists, either by the terms of the contract indicating that the requisite information is thus furnished to the shipper, or that the latter is, in fact, possessed of such information, from what source soever it may come" (citing Mo. Pac. v. Childers, 1 Tex. Civ. App. 302, 21 S. W. 76; Mo. Pac. v. Fagan, supra).

The object of this provision was to afford an opportunity on the part of the railroad company to investigate the merits of the claim. In the present case plaintiffs in error have admitted the justness of defendant in error's demand; hence no reason existed for giving the notice, and the failure to do so could not, in any sense, be held to prejudice the rights of the carrier; so that giving the notice, under the circumstances of the instant case, became unnecessary.

Finding no reversible error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.

### Additional Statement of the Case and Findings of Fact.

At the request of plaintiffs in error we have concluded to add the following additional statement of the case contained in the pleadings and statement of facts. Through inadvertence we merely stated that the shipment went forward from Mertzon, Tex., to Wichita, Kan., over plaintiffs in error's line of railway; whereas, we should also have added that the cattle were shipped from Mertzon, Tex., to Altus, Okl., over the line of railway operated by plaintiffs in error, thence to Wichita, Kan., over a line of railway operated by other receivers as a common carrier; the two lines of railway forming a continuous connected line of railroad from Mertzon, Tex., to Wichita, Kan.

Paragraph 20 of plaintiff in error's answer reads as follows:

"And in this connection defendants show that, notwithstanding the valid and binding conditions contained in said special contracts and above specifically set out [referring to section 6 thereof], the plaintiff and shipper of said live stock wholly failed to give notice in writing of the claim for damages thereto, which plaintiff attempts now to assert by his petition herein, to the nearest station agent of these defendants, or to the agent at destination, or to some general officer of the delivering line before such stock was removed from point of shipment at Wichita or slaughtered or intermingled with other stock, or to serve such written notice within one day after delivery of the stock at destination, or to comply with said condition above set forth; hence plaintiff cannot now be heard to assert his alleged cause of action herein or to prosecute this suit, and of this defendants pray judgment of the court."

Which paragraph was verified by affidavit. Paragraph 11 of the statement of facts contains the following:

"That the plaintiff and shipper of said live stock and his said agent, Hughes, failed to give notice in writing of the claim for damages thereto to any agent of these defendants, or to the agent at destination, or to any general officer of the delivering line before such stock was moved from the point of shipment at Wichita, or slaughtered or intermingled with other stock, and failed to serve such written notice within one day after the delivery of the stock at destination, or to comply with said conditions above set forth."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes