ST. LOUIS, B. & M. RY. CO. et al. v. MARCOFICH. (No. 1543.)

(Court of Civil Appeals of Texas. Texarkana. March 24, 1916. Rehearing Denied April 13, 1916.)

1. CARRIERS ☞228(5) — LIVE STOCK SHIPMENT—NEGLIGENT DELAY—EVIDENCE.

Evidence of delays in transportation of live stock, one of two hours, one of seven hours, two of twelve hours each, and one sixteen hours, with no reasons given therefor except the first, is sufficient to support a finding of negligent delay, even assuming that parts of some of them were to enable compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, as to feeding and watering.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. ☞228(5).]

2. CARRIERS ☞227(3) — LIVE STOCK SHIPMENT—ACTION FOR INJURY—COMPLAINT.

The petition for injury to a live stock shipment, alleging that defendants were negligent and careless and were guilty of delays caused by said negligence, and on account of their negligence two of the animals were cut, bruised, and injured, and the others were greatly damaged, gaunted, and impaired in their market value, is not limited to a claim for negligent delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 956; Dec. Dig. ☞227(3).]

3. PLEADING ☞228—GENERAL ALLEGATION—SPECIAL EXCEPTION.

A general allegation of negligence in a petition is sufficient in the absence of a special exception.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584-590; Dec. Dig. ☞228.]

4. CARRIERS ☞154— INJURY TO FREIGHT— STIPULATION FOR NOTICE — CONSIDERATION.

Independent consideration is not necessary to validity of stipulation of contract of shipment for notice of claim of damages within a certain time as a condition of right of recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 641-645, 667; Dec. Dig. ☞154.]

5. CARRIERS ☞162, 163—INJURY TO FREIGHT —NOTICE—REASONABLENESS OF TIME STIPULATED—BURDEN OF PROOF.

The carrier has, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, the burden of pleading and proving reasonableness of the time stipulated in the contract of shipment for notice of claim of loss or injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 720-725; Dec. Dig. ☞162, 163.]

6. CARRIERS ☞230(5)—INJURY TO FREIGHT— NOTICE—REASONABLENESS OF TIME STIPULATED.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, requiring stipulation in a contract for notice of claim for damages as a condition to right to sue to be reasonable, and declaring void one fixing the time for notice at less than 90 days, whether one fixing it at 91 days is reasonable depends on the circumstances of the particular case, and presents a question for the jury, unless no other inference than that it is reasonable can be drawn from the testimony.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 962; Dec. Dig. ☞230(5).]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by Frank Marcofich against the St. Louis, Brownsville & Mexico Railway Company and others. From a judgment for plaintiff, certain defendants appeal. Affirmed.

January 23, 1914, appellee delivered 103 head of mules to appellant St. Louis, Brownsville & Mexico Railway Company to be transported by it and connecting lines from Brownsville to Texarkana. The mules left Brownsville between 2 and 4:30 o'clock p. m. of that day, reached Houston about 4 o'clock p. m. of January 25th, and reached Longview about 2 o'clock a. m., and Texarkana 4 o'clock p. m., of January 28th. They were carried by said appellant over its line of railway from Brownsville to Houston, a distance of 372 miles, by appellant International & Great Northern Railway Company over its line from Houston to Longview, a distance of 232 miles, and by appellee Texas & Pacific Railway Company from Longview to Texarkana, a distance of 90 miles. Appellee's suit, commenced May 2, 1914, was against each and all of said railway companies. In his petition he alleged that they—

"were negligent and careless and were guilty of delays, which were caused and brought about by the said negligence of them, and each of them, so that a greatly unreasonable period of time was consumed in the transportation of said mules from Brownsville to Texarkana, and on account of the negligence of the defendants, and each of them, two of said mules were cut, bruised and injured in such manner as to render them practically worthless; that one of such two mules was damaged in its value and market

value to the extent of $60 and the other to the extent of $40, and the remaining 101 head were greatly damaged, gaunted and impaired in their market value, so that when they reached Texarkana each and all of said mules was, and were, worth $15 per head less than they would have been had they been carried without the negligence of the defendants as aforesaid."

In its answer appellant St. Louis, Brownsville & Mexico Railway Company alleged that its contract with appellee covered the transportation of the mules to Houston only; that it did that "without negligence," and there delivered the mules to its connecting carrier, appellant International & Great Northern Railway Company; and further alleged, as a bar to appellee's suit, a failure on his part to comply with a stipulation in the contract alleged to be as follows:

"That as a condition precedent to his right to recover any damages for any loss or injury to said live stock or delay to said stock or damages by reason of depreciation in the market or for any other cause whatsoever connected with the shipment of the said stock, he (plaintiff) shall within 91 days after the happening of the injuries or damages complained of, file with the general freight agent of the party of the first part (this defendant), or some freight or station agent of the party of the first part (this defendant), his (plaintiff's) claim therefor, giving the full amount thereof in detail."

The answer of appellant International & Great Northern Railway Company was substantially the same as that of its coappellant St. Louis, Brownsville & Mexico Railway Company, except that the stipulation as to notice in its contract with appellee was alleged to be as follows:

"That said second party (plaintiff herein) further especially agrees as a condition precedent to his right to recover for any damages or for any loss or injury to said stock during the transportation thereof * * * that he will give definite written notice of his claim to some general officer or agent of the first party (defendant) as soon after the occurrence of such loss, damage or injury as the circumstances will permit, and that should he fail from any cause to give the party of the first part the said written notice within 91 days from the date of the loss, damage or injury to said stock, his failure to do so shall be a complete bar to any recovery on any and all such claims."

In its answer each of said appellants prayed that, in the event it should be determined that appellee was entitled to damages, same should be apportioned between them according to their respective responsibility therefor.

In a supplemental petition appellee alleged that the stipulations in the contracts set up by appellants requiring him, as a condition precedent to his right to recover damages he suffered, to give written notice thereof within 91 days after the happening of the injury to the mules, were void because unreasonable and without a consideration to support them. Appellee Texas & Pacific Railway Company also answered, but, as judgment was rendered in its favor and is not complained of, it is unnecessary to specify the grounds of its defense to the suit.

One S. P. Threadgill intervened in the suit, claiming to be the owner of an interest in the cause of action asserted by appellee. As he failed to recover anything and has not appealed, his intervention will not be mentioned further.

The verdict of the jury was in appellee's favor against appellants for $850, which they apportioned as follows: $600 against appellant St. Louis, Brownsville & Mexico Railway Company, and $250 against appellant International & Great Northern Railway Company.

Glass, Estes, King & Burford, of Texarkana, and J. M. Burford, of Mt. Pleasant, for appellants. Mahaffey & Keeney, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellants requested the court to instruct the jury to find in their favor, and complain of his refusal to do so. The grounds upon which they based their requests were (1) that the testimony was not sufficient to support a finding of negligence as charged in appellee's petition; and (2), if it was sufficient, appellee was not entitled to recover, because, it appeared that he did not comply with the stipulations in the contracts covering the shipment requiring him as a condition precedent to a recovery to give notice in writing to their respective agents of damages he claimed within 91 days after the injury to the mules occurred.

With reference to the first of the two grounds, it seems the contentions were (1) that there was no evidence on which to base a finding of negligent delay in the transportation of the mules, and (2) that appellee by his pleadings sought a recovery of only such damages as he suffered because of such delay.

[1] We do not agree that there was no evidence of negligent delay on the part of appellants. The evidence on behalf of appellee was that the shipment, while being transported by appellant St. Louis, Brownsville & Mexico Railway Company from Brownsville to Houston, was delayed two or three hours by a wreck due to its bad track near San Beneto, and about twelve hours at Kingsville, and was delayed about sixteen hours at Houston; and that same, while being transported by appellant International & Great Northern Railway Company from Houston to Longview, was delayed about seven hours on a side track between Houston and Palestine, and about twelve hours at Palestine. No reason for any of the delays specified, except the one due to the wreck near San Beneto, appeared in the testimony heard. Assuming that parts of some of them were for the purpose of enabling appellants to comply with the law requiring them to feed and water the mules (article 714, Vernon's St.), we think it nevertheless cannot be said that there was no evidence to support a finding of negligent delay.

[2, 3] Nor do we agree that appellee's suit was only for such damages as he sustained because of negligent delay in the transportation of the mules. It was also, as we think is shown by the part of his petition set out in the statement above, for damages because of injuries to the mules due to negligence of any kind on the part of appellants. The allegation of negligence, it will be noted, is general, and the allegation as to injury is general, except as to two of the mules. In the absence, as was the case, of special exceptions to the petition, we think the allegations were sufficient as a basis for the proof made and the judgment rendered. 1 Abbott's Trial Brief, p. 612; Railway Co. v. Anson, 82 S. W. 785. The evidence on the part of appellant was amply sufficient to show that two of the mules were very seriously, and others of them in a less degree, injured as the result of rough handling.

[4-6] As to the other of the two grounds urged as reasons why the jury should have been peremptorily instructed to find for appellants, it was conceded by appellee that notice in writing of his claim for damages was not given as required in the stipulations in the contracts set out in the statement above, before his suit was commenced May 2, 1914, which was four or five days after the expiration of 91 days from the time the mules suffered the injuries complained of. Appellants contend that it therefore appeared, as a matter of law, that appellee was not entitled to recover as sought by him. Appellee, on the other hand, contends that it appeared that each of the stipulations was without consideration, and for that reason was not binding upon him; and, further, that the stipulations were not valid and enforceable against him unless reasonable, and that the question as to whether they were reasonable or not was for the jury, and not for the court to determine. There is no doubt that the stipulations were valid and binding on appellee if reasonable, and that a violation of same was available to appellants as a defense, if pleaded as required by the statute. Article 5714, Vernon's St.; Railway Co. v. Mayes, 44 Tex. Civ. App. 31, 97 S. W. 318; Railway Co. v. Hughey, 182 S. W. 361. That there was no consideration therefor, independent of the one on which the contract as a whole was based, would not invalidate the stipulations. Stevens & Russell v. Railway Co., 178 S. W. 810. Whether appellants' contention as to their effect should be sustained or not depends, therefore, upon whether it should be said that it appeared as a matter of law that the stipulations were reasonable. We think it should not. Railway Co. v. Childers, 1 Tex. Civ. App. 302, 21 S. W. 76; Railway Co. v Adams, 78 Tex. 374, 14 S. W. 666, 22 Am. St. Rep. 56; Railway Co. v. Barber, 30 S. W. 500; Railway Co. v. Curtis, 44 Tex. Civ.

App. 477, 99 S. W. 566. The burden was on appellants to allege and prove that the time stipulated for was reasonable. Railway Co. v. Greathouse, 82 Tex. 111, 17 S. W. 834. They did not so allege. If it should be conceded that the allegation by appellee, that the time stipulated for was unreasonable, entitled appellants to contend that it was reasonable, we think the contention was one which the jury, and not the court, should have determined. If, as is true (article 5714, Vernon's St.), it must be said as a matter of law that a stipulation requiring such notice to be given within a time less than 91 days from the time the cause of action accrues is unreasonable, we do not think it should be said as a matter of law that a stipulation requiring the notice to be given in 91 days is reasonable. Whether the latter stipulation would be reasonable in a given case or not would depend upon the particular circumstances of that case, and would, we think, present a question of fact for the jury, unless it should be said—and we think it should not in this case—that no other inference than that the stipulation was reasonable could be drawn from the testimony.

It is insisted that the verdict and judgment are excessive. But we think it cannot be so held without ignoring the testimony of appellee and the witness Threadgill. As the jury had a right to believe them, the contention cannot be sustained.

Assignments not in effect disposed of by what has been said are overruled because it is believed they do not present error authorizing a reversal of the judgment.

The judgment is affirmed.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.