ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. J. J. HAYS.

No. 1558.

1. **Carrier—Notice of Claim for Damages.**

In a suit for injury to stock transported by rail, based on a contract requiring the shipper to give notice of his claim, plaintiff need not allege nor prove the giving of such notice, and the burden of proving absence thereof is not met by defendant showing that such notice was not given to its local agent, where under the contract it might have been given to its general officers. Rev. Stats., art. 3379; Railway v. Greathouse, 82 Texas, 105.

2. **Same.**

A contract requiring a shipper to give notice to the carrier of his claim for damages within less than ninety days is made void by Act of March 4, 1891. Rev. Stats., art. 3379.

3. **Damages.**

Three hundred dollars for damages to a jack in transportation, held sustained by the evidence.

4. **Immaterial Error.**

Error in overruling defendant's special exceptions to loss of profits alleged by plaintiff as ground for damages, becomes immaterial where the findings of the court show that such profits were excluded from consideration in estimating the damages.

APPEAL from District Court of Titus County. Tried below before Hon. JNO. L. SHEPPARD.

Vol. XIII. Civil—37.

*Todd & Rodgers*, for appellant.—The stipulation in the contract of shipment that the shipper would give to defendant notice in writing of any claim for damage or injury to the stock within one day after its delivery to him is a condition precedent, and plaintiff had no cause of action against defendant until compliance therewith, which must be alleged and proved by plaintiff.   2 Willson's C. C., secs. 496, 782.

The court erred in overruling defendant's special exception to the part of plaintiff's petition wherein he seeks to recover for loss of possible profits of standing the jack for breeding purposes, because such damages are speculative and too remote, and not contemplated by the parties at the time of making the contract.   Railway v. Pettit, 3 Texas Civ. App., 588; Railway v. Gilbert, 4 Texas Civ. App., 369; Wells-Fargo Co. v. Battle, 24 S. W. Rep., 353; Railway v. Hale, 83 Ill., 360; 3 Am. & Eng. Encycl. Law, 16 j, note 4.

The evidence in this case shows that the stipulation as to notice in writing of appellee's claim for damages or injury within one day after delivery of stock was reasonable and binding upon appellee and, not being complied with by him, is a bar to any recovery herein.   Railway v. Trawick, 68 Texas, 314; Railway v. Silegman, 23 S. W. Rep., 298; Railway v. Clarke, 24 S. W. Rep., 355; Railway v. Williams, 25 S. W. Rep., 1019.

The court erred in rendering judgment for plaintiff and in not rendering judgment for the defendant; because the evidence shows that defendant transported the jack with due care and without injury, within a reasonable time, and delivered it in good condition to the plaintiff, and the injury of said jack, if any, occurred after its delivery to plaintiff by defendant.   Railway v. Trawick, 68 Texas, 317; 3 Am. & Eng. Encycl. Law, 2.

The judgment is excessive in amount and not warranted by the evidence, unless upon the testimony as to anticipated probable profits to be derived from standing the jack for breeding purposes.

*Jeff D. McLean* and *Hiram Glass*, for appellee.—When the time in which notice of the injury shall be given to carrier is limited to less than ninety days, it is invalid and the shipper is not bound to comply with it. Acts, 22 Leg., p. 20.

The ruling of the court upon appellant's exception to the claim of profits as damage becomes immaterial, or at least is not reversible error, because the court in its conclusions of law holds that under the pleadings and evidence plaintiff cannot recover for the loss of the services of said jack.

The third error assigned and proposition thereunder is answered by the Act of the Twenty-second Legislature hereinbefore referred to, which was approved March 4, 1891, and became a law in ninety days thereafter. This contract was entered into March 30, 1893.   Acts, 22 Leg., p. 20.

The evidence shows and the trial court holds that the appellant was grossly negligent in shipping and handling said jack.

KEY, Associate Justice.— *Opinion.*—1.   Suit by appellee for $1000 damages caused by the alleged negligence of appellant in transporting a jack from Fort Worth to Mt. Pleasant, Texas; trial by the court and judgment for appellee for $300.

2.   The court properly overruled appellant's exception to appellee's petition based upon the proposition, that compliance with the stipulation in the contract of shipment requiring notice of his claim for damages to be given, was a condition precedent to his right to sue.

The contract was made March 30, 1893, and the animal delivered to appellee at its destination March 31, 1893.   The contract required appellee to give notice of his claim for damages within one day after the property was delivered to him by appellant.   The act of March 4, 1891 (art. 3379, Rev. Stat., 1895), declares that "any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void;" and it also places the burden of proof on that issue on the defendant.   Besides, apart from the statute referred to, the burden of proof would be on appellant.   Railway v. Greathouse, 82 Texas, 105.

3.   What has been said concerning the act of March 4, 1891, disposes of the third assignment of error.   The stipulation requiring notice of appellee's claim for damages to be given in less than ninety days, was in the face of the statute, and void.   Besides, the burden was on appellant to show appellee's non-compliance with the contract, and while it showed that no such notice was given to its agent at Mt. Pleasant, the place of destination, it did not show that notice was not given to its general officers, as authorized by the contract.   Hence, if the contract was valid, it was not shown that appellee had breached it.

4.   The evidence shows clearly that the animal was worth $600 when received by appellant, and appellee testified that when appellant delivered it to him at Mt. Pleasant it was worth less.   He and other witnesses described the injuries that soon after developed, which were of a serious nature; and we cannot say that the court's finding that the jack was only worth $300 when appellant delivered it to appellee is not sustained by the testimony, eliminating as the court did, the evidence concerning loss of profits.

5.   As the court below expressly states in its conclusions of law that no recovery was allowed for loss of profits, and as there was other evidence that sustains the judgment, we need not decide whether or not the court erred in overruling appellant's exceptions to that part of appellee's petition.

6.   The finding of negligence on the part of appellant is supported by testimony; and no reversible error being shown, the judgment will be affirmed.

*Affirmed.*

Decided May 6, 1896.