ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. C. F. BRYCE.

Decided March 21, 1908.

1.—Carrier—Shipping Contract—Limitation as to Filing Suit.

A stipulation in a shipping contract as to the time within which suit must be brought for breach of the same, affects the remedy only and is controlled by the law of the forum, irrespective of the place of the contract.

2.—Same—Breach of Contract—Burden of Proof.

Where an action is based upon a breach by a common carrier of a common law duty the burden of proof is upon the carrier to allege and prove a contract limiting its liability, that such contract is reasonable, and that the shipper has not complied therewith.

Appeal from the County Court of Hardeman County. Tried below before Hon. J. C. Marshall.

*C. H. Yoakum,* and *Fires, Decker, Diggs & Clarke,* for appellant.— Where under the laws of Oklahoma, common carriers are permitted to limit their obligations by special contract and provide that plaintiff be required, as a condition precedent to recovery, to allege and prove all conditions on his part necessary to be performed, said contract providing that suit must be brought within six months from accrual of cause of action and requiring one days notice of damage and being executed in Oklahoma, and same as well as said laws of Oklahoma having been plead and proven in said contract the court should have instructed the jury to return a verdict for the defendant. Merrielles v. State Bank of Keokuk, 24 S. W. Rep., 564; Ryan

609. ST. LOUIS & S. F. R. R. CO. v. BRYCE.

v. M. K. & T. Ry. Co., 65 Texas, 14, and cases cited; Cantu v. Bennett, 39 Texas, 304; Shelton v. Marshall, 16 Texas, 344; Chicago, R. I. & T. Ry. v. Thompson, 100 Texas, 185; St. Louis, I. M. & S. R. R. Co. v. Hambrick, 97 S. W. Rep., 1073; Texas Central R. R. Co. v. Morris, sec. 374, White & Wilson; Missouri Pacific Ry. Co. v. Jerome Harris, 1 Texas Civ. App., 730; sec. 1257, White & Wilson.

*W. T. McConnell* and *M. M. Hankins,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—On account of injuries to a car of horses carried by appellant from Altus, Oklahoma, to Birmingham, Alabama, appellee recovered a verdict and judgment from which this appeal is prosecuted.

The horses were carried under a written contract containing the following clause, which was pleaded in bar of the action: "That, as a condition precedent to a recovery for any damages for delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, .or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims." The replication to this defense was failure .of consideration and duress.

The proof failed to show that appellee had or that he had not complied or attempted to comply with the provision of the contract above quoted, and it also failed to show any want of consideration or duress, as alleged by the appellee. The court submitted the validity of the contract to the jury in a charge given at the request of appellee which was clearly erroneous, but no complaint is made of this charge, three assignments only being presented for our consideration; the first complaining of the admission of testimony, which was of little or no consequence and did not affect the result; the second complaining of the court's refusal to instruct a verdict for appellant; and the third complaining of the verdict on the ground that the evidence showed a failure on the part of appellee to comply with the contract above quoted requiring him to give notice of his claim for damages. The failure to bring suit within six months in violation of another clause of the contract was also urged as a defense and that is also included in the assignments.

*Conclusions.*—The stipulation in the shipping contract for the bringing of suit within six months was one affecting the remedy only and is controlled by the law of the forum, irrespective of the place of the contract. St. Louis, I. M. & S. Ry. v. Hambrick, 97 S. W. Rep., 1073. See, also, Chicago, R. I. & T. Ry. v. Thompson, 100 Texas, 185, and 93 S. W. Rep., 702.

As to the stipulation requiring notice to be given and making this a condition precedent, the case is not so clear, since there seems to be a diversity of decision as to whether the burden of proof is on the shipper or on the carrier to establish compliance or noncompliance, as the case may be, with this provision. Where, as in this case, the breach of the common law duty of a common carrier is made the ground of recovery, we are inclined to follow the authorities which place the burden of proof on the carrier, not only to allege and prove the contract thus limiting its liability and the facts showing such stipulation to be reasonable, but also to allege and prove the noncompliance therewith on the part of the shipper, which was not done in this case, especially in view of the fact that the Court of Civil Appeals for the Third Supreme Judicial District in the case cited below has distinctly so ruled. 4 Elliott on Railroads, sections 1512 and 1516; Moore on Carriers, page 338, section 27, and authorities cited in notes; St. Louis Southwestern Ry. Co. v. Hays, 35 S. W. Rep., 476. In this case, however, while it is alleged in the answer that there was an agent at the place of destination on whom the notice might have been served, we fail to find any proof in the record of that fact and the authorities in this State seem uniform to the effect that stipulations of the kind quoted and relied on herein must be shown to be reasonable both by pleading and proof on the part of the carrier. Missouri Pac. Ry. v. Paine, 1 Texas Civ. App., 621, and case there cited of Missouri Pac. Ry. v. Childers, 1 Texas Civ. App., 302, and cases therein cited. The judgment is therefore affirmed.

*Affirmed.*