SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. H. J. TIMON.

No. 1902.    Decided December 23, 1908.

**1.—Carrier—Contract to Furnish Cars.**

Proof that shipper's agent told the agent of the railway that certain cattle would be ready for shipment on a day named and asked that cars be at the point of shipment for them, to which the latter replied "all right" was sufficient to support a finding of a contract by the carrier to furnish the cars on that date. (P. 223.)

**2.—Rulings Approved.**

The rulings of the Court of Civil Appeals in this case (110 S. W., 82) approved.   (P. 224.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bee County.

Timon sued the railway company and had judgment, which was affirmed on appeal by defendant.   Appellant then obtained writ of error.

*Proctors, Vandenberg & Crain,* for plaintiff in error.

*F. G. Chambliss* and *Beasley & Beasley,* for defendant in error.—

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Defendant in error recovered the judgment under review against plaintiff in error for damages sustained by cattle shipped by defendant in error over plaintiff in error's road from Skidmore.

The cause of action was for the alleged breach of a contract by which the station agent of the railroad company had agreed with defendant in error to furnish cars for the shipment on a specified day, in consequence of which breach the cattle, having been prepared for shipment at the time agreed upon, were held in confinement and sustained damages while awaiting the cars, which did not arrive for several days.   When we granted the writ of error we thought it probable that the courts below had committed error in holding the evidence sufficient to prove the contract alleged.   The testimony relied on to show the making of the contract is that of a witness who acted for defendant in error, and who testified that he went to the agent and told him the cattle would be ready for shipment on the day specified and requested him to have the cars at Skidmore at that time, and the agent replied, "All right."   It sufficiently appears from this that an offer was made and accepted to ship the cattle at the time stated.   If the railroad company were untrammelled by any legal duty with respect to such matters there could be no question as to the correctness of the proposition.   The doubt we had arose from the consideration that such carriers are bound by law to furnish cars upon proper notice and demand, and that the conversation stated might be interpreted as showing only a recognition of that duty as the law imposed it, which was not an absolute one to furnish the cars at a particular time, but only to use reasonable diligence to do so.   We do not here refer to the duty under the statute where written demand is made in accordance with it.   But the effect of the language used must be held to be such as parties so situated would naturally give to it.   A shipper making such a proposal, knowing the importance of fixing the time at which such property is to be shipped, and receiving so unqualified an assent from one having the same knowledge, would have the right, we think, to regard it as an agreement as to the time.   If the agent of the carrier did not so intend, he should not have used language so well calculated to mislead the other party.   We conclude, therefore, that the courts below were

justified in holding the evidence sufficient to prove the contract relied upon. The findings of the trial judge and of the Court of Civil Appeals upon the other questions in the case are likewise sustained.

*Affirmed.*