## FT. WORTH & R. G. RY. CO. v. MONT-GOMERY.

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1911. Rehearing Denied Dec. 20, 1911.)

**1. CARRIERS (§ 227*) — CARRIAGE OF LIVE STOCK—INJURY TO SHIPMENT—ACTION—PETITION.**

The petition, in an action against a carrier merely for shrinkage in weight and injury to marketable appearance of a shipment of cattle through delay and rough usage in transit, alleging that the cattle lost 30 pounds per head in shrinkage, and 25 cents per hundredweight on account of diminished marketable appearance, that the total weight of the shipment when sold was a certain amount, wherefore plaintiff sustained damage in a certain amount on account of loss of weight, and in another certain amount on account of diminished marketable appearance, is sufficient, without alleging the total weight of the cattle when received or delivered, or the average weight or class of the cattle when shipped or delivered, or their market value at destination when delivered, or when they should have been delivered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 953; Dec. Dig. § 227.*]

**2. CARRIERS (§ 227*) — CARRIAGE OF LIVE STOCK—INJURY TO SHIPMENT — ACTION — PETITION—NEGLIGENCE.**

The petition, alleging rough handling and a delay of six or seven hours in transit, from which the injuries complained of to a shipment of cattle resulted, is sufficient, without more definitely pointing out the particular acts or things constituting the negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 953; Dec. Dig. § 227.*]

**3. APPEAL AND ERROR (§ 1039*) — REVIEW—HARMLESS ERROR — INDEFINITENESS OF PLEADINGS.**

It not appearing that defendant was harmed by failure of the petition to more definitely point out the character or cause of the injury sued for, it may not complain because thereof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4075; Dec. Dig. § 1039.*]

**4. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK — CAUSE OF INJURY TO SHIPMENT — EVIDENCE—PRESUMPTION.**

The doctrine that, where a caretaker accompanies a live stock shipment, no presumption obtains, in the absence of proof of how the injury to the stock occurred, that it was due to the carrier's negligence does not apply where the attendant shows that there was rough handling of the stock and an inexcusable delay in transit, from which a presumption of injury therefrom arises, and the carrier offers no evidence to contravene such presumption.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 957; Dec. Dig. § 228.*]

**5. EVIDENCE (§ 119*)—RES GESTÆ—OTHER INJURIES.**

Evidence, in an action for injury to cattle in transit through rough handling by the carrier, that other cattle in the same shipment were killed is admissible as part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303–306; Dec. Dig. § 119.*]

**6. EVIDENCE (§ 113*)—MARKET VALUE.**

What the cattle sold for on the day of their arrival and on the market to which they were shipped is admissible to show their market value, in an action for injury to a live stock shipment through rough handling and delay in transit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. § 113.*]

**7. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.**

Instructions do not assume facts, so as to be on the weight of evidence, where they submit those facts as issues to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 420; Dec. Dig. § 191.*]

**8. DAMAGES (§ 210*)—INTEREST AS AN ELEMENT—PLEADING AND INSTRUCTIONS.**

Instructing the jury, in an action for injury to a live stock shipment, if they find for plaintiff, to allow him interest from the date of the injury on the amount they find is proper, where the petition claims such interest.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 537, 538; Dec. Dig. § 210.*]

**9. APPEAL AND ERROR (§ 295*)—PRESENTATION IN LOWER COURT OF GROUNDS OF REVIEW.**

The claim that of the 30 pounds per head which a shipment of cattle lost in transit the shipper ought to recover for not more than 5 pounds, because the evidence showed that a loss of 25 pounds would be incident to an ordinary shipment, not having been presented in the motion for new trial, cannot be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1704; Dec. Dig. § 295.*]

Appeal from Comanche County Court; J. M. Reiger, Judge.

Action by George Montgomery against the Ft. Worth & Rio Grande Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Andrews, Ball & Streetman and Kearby & Kearby, for appellant. Goodson & Goodson, for appellee.

RICE, J. On the 29th of March, 1909, appellee shipped 56 head of meal fed beef cattle over appellant's line of railway from Comanche to Ft. Worth, alleging said cattle were shipped to be delivered at their point of destination in time for the early morning market of the next day, but that, on account of negligent rough handling and delay in transit, the same did not reach said point until 1 o'clock the next day, which was too late for said market, by reason of which said cattle lost 30 pounds in weight per head, and their salable appearance was injured to the extent of 25 cents per hundredweight, the total weight of said shipment being alleged to be 49,840 pounds; wherefore he sustained damage in the sum of $78.12 on account of loss in weight, and the sum of $124.60 on account of depreciation in value, by reason of the diminished marketable appearance of said cattle, aggregating the sum of $202.72, for which he sues. Appellant answered by general and special demurrers, general denial, and that the cattle were handled carefully and expeditiously, arriving at Ft. Worth at noon the following day, which was the earliest possible time for

their arrival, and in good condition; that if the same was drawn and shrunken it was due to the inherent viciousness of said cattle. A jury trial resulted in a verdict and judgment for plaintiff in the sum of $178.68, with 6 per cent. interest thereon from date of shipment, from which this appeal is taken.

[1] Several exceptions were addressed to the petition, one of which was because it failed to allege the gross weight of said entire shipment when received or when delivered. The second was that said petition failed to allege the average weight or class of said cattle at the time of shipment, or at the time of delivery thereof; and, third, because the same failed to allege the market value of said cattle at destination at the time actually delivered, or what their market value was at the time the catttle should have been delivered with ordinary care and diligence, for that the true measure of damages is the difference in the market value of the cattle at destination at the time and in the condition that they were delivered, and their market value at the time and in the condition they should, in the exercise of ordinary care, have been delivered; and because the defendant was entitled to know what the alleged market value of said cattle was claimed to be by plaintiff. All of these exceptions were overruled, and are made the subject of the first, second, and third assignments of error. The petition did allege that the cattle lost 30 pounds per head in shrinkage, and 25 per cent. on account of diminished marketable appearance, occasioned by the delay and rough handling, stating the actual weight of the entire shipment, when sold, at 49,840 pounds. This suit being brought for the recovery of damages on account of shrinkage in weight and injured marketable appearance, by reason of the delay and hard usage in transit, and there being nothing claimed on account of any change in market price, but only for damage in the respects named, causing said cattle to sell for that much less than the market price, whatever that price might be, it was unnecessary, in our judgment, to have set forth the additional facts contended for by appellant; and the facts alleged were sufficient upon which to predicate a recovery on behalf of appellee. It was not necessary, in any event, for plaintiff to set out his evidence, and sufficient facts were set out to apprise appellant of the nature and extent of his claim, for which reason these assignments are overruled. See Railway Co. v. Richards, 105 S. W. 236.

[2, 3] The fourth assignment questions the sufficiency of the petition, on the ground that it fails to point out the particular acts or things constituting the negligence with sufficient definiteness to apprise defendant of the grounds upon which plaintiff relies for recovery. The petition alleges rough handling, and likewise sets up a delay in something like six or seven hours in transit, from which negligent acts the injuries complained of resulted. This, we think, was sufficient. It does not appear that any injury resulted to appellant from a failure to more definitely point out the character or cause of the injury, for which reason this assignment is overruled.

[4] The fifth assignment complains of the refusal of the court to give a peremptory instruction in behalf of defendant. We think the evidence was amply sufficient to demand a submission of the issues raised to the consideration of the jury. It is true, as claimed by appellant, that, where a caretaker accompanies the shipment, as in the instant case, no presumption obtains, in the absence of proof showing how the injury occurred, that it was due to the negligence of the carrier, as held in Railway v. Franklin, 123 S. W. 1154. This doctrine does not apply here, for the reason that the attendant explained the manner in which the injuries were received; that is, he showed that there was rough handling, and likewise an inexcusable delay. No evidence was offered by appellant, contravening the presumption of injury that would necessarily arise from such conduct, for which reason the doctrine announced in said case is not available to appellant. Wherefore, said assignment is overruled.

[5] There was no error in permitting the witness Albin to testify that other cattle in the same shipment were killed. This was a part of the res gestæ, and was therefore admissible, and ought not to be excluded, under the doctrine announced in Railway Co. v. Smith, 84 Tex. 351, 19 S. W. 509, because it did not appear in that case that the other horses that were injured were in the same shipment.

[6] It is urged that the court erred in permitting plaintiff to offer in evidence, for the purpose of showing market value, the account sales of said cattle, insisting that the same was not evidence of their market value. It was shown that the cattle were sold on the same day and upon the same market to which they had been shipped. This being true, we think that the evidence was admissible. The case of I. & G. N. R. Co. v. Young, 72 S. W. 68, does not contravene the correctness of this view, since in that case it was held not admissible to show what the stock brought at a different place and time.

[7] The eighth, ninth, and tenth assignments raise practically the same question, and may be considered together. By them it is urged that paragraphs 4, 5, and 6 of the court's charge assume that there was rough handling and delay, and hence are upon the weight of evidence. We have examined each of these subdivisions of the charge, and fail to find any basis for this contention. The charges complained of expressly

leave these matters as issues to be determined by the jury, stating that if they believed that the cattle were roughly handled or delayed in transit, and that such was occasioned by the negligence of the defendant, then to find for the plaintiff. Wherefore, these assignments are overruled.

The eleventh assignment assails the seventh paragraph of the charge, on the ground that it assumes negligence, instead of leaving this as an issue to be found by the jury. We do not think it is subject to this criticism, because the question of negligence vel non was made an issue, and was submitted to the jury by the charge. Nor is the eighth paragraph obnoxious to the criticism that it assumes that the cattle were in a drawn, emaciated, and shrunken condition. This question was likewise submitted as an issue for the consideration of the jury.

[8] There was no error on the part of the court in telling the jury that, in the event they found for plaintiff, then to find 6 per per cent. interest on said amount from the date of such damage, because this amount of damage was claimed in the petition, and where such is the case, in the event that plaintiff recovers, he is entitled to interest from the date of the injury. See G., C. & S. F. Ry. Co. v. Sheppard, 76 S. W. 800; also Railway Co. v. Tankersley, 63 Tex. 57. See, likewise, Railway Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834, where it seems to be held that such interest could be recovered from the time of the injury, even though it had not been pleaded.

[9] It is urged by appellant that plaintiff ought not to recover in excess of 5 pounds loss in weight per head on said cattle, for the reason that it appeared from the evidence that 25 of the 30 pounds loss would be incidental to an ordinary shipment. This point cannot be considered, for the reason that it was not presented in the motion for new trial.

Appellant urges that the court erred in refusing to grant a new trial, on the ground that, as an agent of the plaintiff accompanied said shipment, it not only became the duty of plaintiff to show rough handling and delay in transit, but, unless plaintiff showed that such delay and rough handling were attributable to the negligence of the defendant, he was not entitled to recover. The evidence did show that there was rough handling of the cattle en route, and likewise a delay of five hours at Stephenville, awaiting an engine from Ft. Worth. The cattle were shown to have been injured by reason of this rough handling and delay. These facts, we think, discharged the burden, so far as plaintiff was concerned; and it became appellant's duty to negative by its proof the implication of negligence that would arise therefrom, and a failure to do so on its part entitled plaintiff to a recovery. This view, we think, is supported by the doctrine announced in St. Louis & San Francisco Ry. Co. v. Franklin, supra. The other assignments are regarded as without merit, and are overruled.

Finding no error in the judgment, the same is affirmed.

Affirmed.