FREEMAN et al. v. W. B. WALKER & SONS.   (No. 77-2849.)*

(Commission of Appeals of Texas, Section A. June 11, 1919.)

1. Costs ☜173(1) — Statutory Attorney's Fee—Claims Against Carrier for Damaged Freight — Statute Construed as Prospective Only. .

Rev. St. 1911, art. 2178, providing that hereafter any person having a valid bona fide claim against any person or corporation for damaged freight may present the same for payment, and, if not paid. within 20 days, may sue thereon, and shall be entitled to attorney's fees, it must be presumed that the Legislature intended by the use· of the word "hereafter" that the statute should be prospective, so that attorney's fees could not be had in a suit upon a claim which arose prior to the act becoming effective.

2. Constitutional Law ☜189 — Provision for Attorney's Fees—Action for Damaged Freight—Retrospective Law.

To construe Rev. St. 1911, art. 2178, providing for allowance of attorney's fees in certain suits to recover for damaged freight, as applying to damage claims arising prior to the act becoming effective, would render it retrospective in its operation, and therefore obnoxious to Const. art. 1, § 16.

3. Appeal and Error ☜32—Review—Conclusiveness of Judgment of Court of Civil Appeals upon Matters Appealed from County Court.

Where a cause was appealed from a county court, the judgment of the Court of Civil Appeals is conclusive upon questions of law or fact, except in probate matters and cases involving the revenue laws of the state, of the validity of a statute (Rev. St. art. 1591), and questions presented, which·are not within those exceptions, are not subject to review by the Supreme Court.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by W. B. Walker & Sons against Thomas J. Freeman, receiver of the International & Great Northern Railway Company, and another. Plaintiffs recovered in both the justice and county courts, and upon appeal to the Court of Civil Appeals the judgment was affirmed in part and reversed and rendered in part (175 S. W. 1133), and the defendants bring error. Judgment of the Court of Civil Appeals reformed and affirmed.

Fisher & Fisher and Robt. Thompson, all of Austin (Wilson, Dabney & King, of Houston, of counsel), for plaintiffs in error.

A. S. Phelps and F. C. Morse, both of Austin, for defendants in error.

TAYLOR, J.   This suit was filed in the justice's court by the defendants in error to recover damages to a shipment of syrup from Taylor to Austin, Tex. The amount recovered both in the trial court and in the county court on appeal includes the sum of $10 allowed as attorney's fees under the act of March 13, 1909. R. C. S. 1911, art. 2178. That part of the judgment affirmed on appeal to the Court of Civil Appeals includes the said attorney's fee award. 175 S. W. 1133, 455.

[1, 2] The writ was granted upon the assignments complaining of the construction of said article 2178 so as to permit recovery thereunder of attorney's fees in a 'suit upon a claim that arose before the act was effective.

That part of the act material herein is as follows:

"Hereafter, any person in this state having a valid, bona fide claim against any person or

---

corporation doing business in this state, for * * * damaged freight, * * * may present the same to such person or corporation * * * in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim, * * * he shall be entitled to recover the amount of such claim * * * and, in addition thereto, a reasonable amount as attorney's fees, * * * not to exceed twenty dollars."

There is no question as to the right to recover attorney's fees under the terms of the article quoted in a suit for nonpayment of a claim for damaged freight accruing subsequent to the time the act became effective. M., K. & T. Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S. W. 881; M., K. & T. Ry. Co v. Cade, 233 U. S. 647, 34 Sup. Ct. 678, 58 L. Ed. 1135.

The claim upon which the suit was filed arose and was asserted not later than April 6, 1908. The act from which the above article is quoted became effective July 11, 1909.

The question for determination, concretely stated, is whether the act can be so construed as to entitle the defendants in error to recover attorney's fee on their claim asserted against defendants before the statute became effective.

As stated in Albertype Co. v. Gust Fiest Co., 102 Tex. 222, 114 S. W. 792:

"It is to be presumed that the Legislature of Texas intended to exercise its authority to make laws within the scope of its power under the Constitution of this state. * * *"

Article 1, § 16, of the Constitution provides:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made."

Cooley on Constitutional Limitations (7th Ed.) 529, says:

"There are numerous cases which hold that retrospective laws are not obnoxious to constitutional objection, while in others they have been held to be void The different decisions have been based upon diversities in the facts which make different principles applicable. There is no doubt of the right of the Legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden eo nomine by the state Constitution, and provided further that no other objection exists to them than their retrospective character. Nevertheless legislation of this character is exceedingly liable to abuse; and it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively. And some of the states have deemed it just and wise to forbid such laws altogether by their constitutions."

The rule of construction that a statute shall be prospective in its operation, unless in clear terms retrospective, is clearly stated in Prentis v. Atlantic Coast Line Co., 211 U. S. 226, 29 Sup. Ct. 69, 53 L. Ed. 158, as follows:

"A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power. * * *" (Italics ours.)

Judge Stayton, in Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249, says:

"In the absence of constitutional restrictions upon the subject, it is almost universally accepted as a sound rule of construction that a statute shall have only a prospective operation, unless its terms show clearly a legislative intention that it shall have a retroactive effect. There is nothing in the statute before us to evidence the intention of the Legislature to give * * * a strictly retroactive effect" to the statute under consideration, "and it must be held to be a valid law, governing in all actions brought to recover taxes after its passage, against which some valid defense did not exist at the time it took effect. It is true that the statute does not in terms restrict its operation to such actions as might be founded on causes of action not barred by laws in force at the time of its passage, and that its broad and general language might make it applicable to all actions thereafter brought, even upon causes of action then barred; but, if the statute was in terms such as to require such a construction, we are of the opinion that the constitution of this state forbids such legislation." (Italics ours.)

To the same effect is State v. Railway Co., 100 Tex. 175, 97 S. W. 71.

The rights of the parties in this cause became fixed more than a year before the passage of the act under consideration. It is not in clear terms retroactive. This being true, it must be presumed that the Legislature intended it should be prospective in its operation, and, in providing that "hereafter" any person having a claim of the character indicated should be entitled to recover attorney's fees, meant to confer such privilege with reference only to claims thereafter to accrue. If the language of the act is susceptible of a construction that would include within its terms claims that arose before it became effective, it should not be so interpreted in the light of the rules of construction referred to. To construe the act as applicable to rights already determinate at the time of its passage is to render it retrospective in its operation, and therefore obnoxious to the constitutional provision above quoted.

That part of the judgment decreeing a re-

covery of attorney's fees is therefore erroneous, and should be set aside.

[3] The plaintiffs in error ask that other assignments of error be reviewed. As the case is one appealed from the county court, the judgment of the Court of Civil Appeals is conclusive on all questions of law and fact, except in probate matters and cases involving the revenue laws of the state, or the validity of a statute. R. S. art. 1591. None of the remaining questions presented are within the foregoing exception, and for that reason are not subject to review by Supreme Court. Cole v. State ex rel. Cobolini, 106 Tex. 427, 170 S. W. 1036.

We are of opinion that the judgment of the Court of Civil Appeals should be reformed so as to eliminate the award for attorney's fee, and that the judgment as reformed should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

