**DAVIS, Director General of Railroads, v. GEE.
(No. 2488.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 1, 1922. Rehearing Denied Feb. 23, 1922.)

1. **Appeal and error ⚌1052(5)—Admission of evidence held harmless where not affecting result.**

In action against carrier for damages for failure to furnish car on fixed date, admission of evidence of defendant that he told Agent that he had the potatoes, which were to be loaded into the car, sold to be delivered not later than stated date, *held* harmless, though not admissible under the pleadings, where record shows that plaintiff recovered only what the undisputed evidence shows was the result from failure to furnish the car at the time agreed upon.

2. **Carriers ⚌66—Agreement to furnish car at designated time for shipment to no particular place need not be in writing.**

An agreement of a carrier to furnish a car at a designated time for shipment to no particular place need not be in writing, as required by the federal statute.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Suit by L. E. Gee against James C. Davis, Director General of Railroads, as Agent. Judgment for plaintiff, and defendant appeals. Affirmed.

McMahon, Jones & Jones, of Greenville, and Chas. C. Huff, of Dallas, for appellant.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellee.

HODGES, J. The appellee filed this suit against the Director General for the breach of a contract to furnish on a fixed date a car into which some potatoes were to be loaded. A trial before a jury resulted in a judgment against the appellant for $248.04. The facts show that on June 13, 1918, the appellee, Gee, had an agreement with the local agent of the Milwaukee, Kansas & Texas Railway Company at Sulphur Springs for a car to be delivered at that place on the 15th of June. Prior to the application for the car, Gee had sold a carload of potatoes to M. H. Ponder, the local agent of Earl Bros. of Chicago. The contract with Ponder stipulated that the potatoes were to be delivered f. o. b. the cars at Sulphur Springs not later than June the 15th. After arranging for the car, Gee went into the market and bought 27,560 pounds of potatoes. He began delivering them on the railway platform on the 13th, and completed the delivery on the 14th of June, expecting to load them the next day. The car did not come until the 19th following. By that time the potatoes had so deteriorated that Ponder refused to take them at the original price, which was $1.90 per hundred pounds. He did, however, agree later to take them at $1 per hundred pounds, which the testimony shows was their reasonable market value in their deteriorated condition.

[1] On the trial the court permitted Gee to testify, over the objection of the defendant, as follows:

"I told them (defendant's agent) that I had those potatoes sold to be delivered not later than Saturday, and I did not want to go to buying them and putting them on the shed unless

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

I was positive I would get them out on Saturday. I had this conversation on Thursday of that week."

That testimony was objected to upon the ground that evidence of notice to the defendant was not authorized under the pleadings, and any notice of Gee's contract as to the time in which the potatoes were to be shipped was immaterial and irrelevant. The argument which follows that assignment of error is based upon the proposition that special damages for the breach of a contract of this character are not recoverable without notice to the defendant of the special conditions, and that proof of notice is not admissible in the absence of an averment of that fact. Conceding the correctness of that proposition and that the pleadings of the appellee were defective in that respect, the question is: Was the testimony admitted productive of any injury? After a careful examination of the record, we have concluded that it was not. The appellee testified, without objection, that his damages resulting from the deterioration of the potatoes amounted to $248, within four cents of the judgment rendered. He also testified that the market value of good potatoes was $1.90 per hundred pounds, which was the same as the contract price with Ponder. There was, in fact, no apparent controversy in the testimony about the value of the potatoes, either before or after the injury. When considered in its entirety, the record shows that the appellee recovered only what the undisputed evidence shows was the common result to be expected from the failure to have the car at the depot at the time agreed upon, even if there had been no contract with Ponder for the purchase of the potatoes.

[2] Objection is also made to the judgment rendered in this case, because the contract relied on was not in writing as required by the federal statute. Gee testified without contradiction that he made no contract for a car to be shipped to any particular place. He merely wanted one in which to load his potatoes. He did not know what was to be the ultimate destination of the car; that Ponder did his own billing. Sometimes the potatoes purchased by Ponder were sold in Texas, and sometimes they were shipped to other states. That being true, there was no evidence that this car at the time the contract was made was to be used other than in intrastate commerce. Moreover, the contract upon which this suit is based was not the failure to furnish a car in obedience to a legal notice as required by both the federal and state laws, but the failure to furnish a car at a designated time under the terms of an agreement. That such an agreement is valid when not in writing is supported by the decisions of the courts of this state. Texas Midland R. R. v. O'Kelley (Tex. Civ. App.) 203 S. W. 152; McCarty v. Ry. Co., 79 Tex. 33, 15 S. W. 164; Ry. Co. v. Bishop (Tex. Civ. App.) 154 S. W. 305–310; T. & N. O. Ry. Co. v. Weems (Tex. Civ. App.) 184 S. W. 1103; T. & P. Ry. Co. v. Shawnee Oil Co., 55 Tex. Civ. App. 183, 118 S. W. 777; S. & A. P. Ry. Co. v. Timon, 102 Tex. 222, 114 S. W. 792.

The judgment will therefore be affirmed.