## THE ELDRIDGE.

### JARDINE, MATHESON & CO. v. UNITED STATES.

(District Court, W. D. Washington, N. D.    February 11, 1924.)

No. 5102.

1. **Action ⊚⇒27(3)—Libel for value of oil lost in transportation held to be on contract.**

A libel to recover the value of oil lost in transportation *held* clearly an action on contract of shipment, and not in tort.

2. **Carriers ⊚⇒159(2)—Bill of lading stipulation, limiting time within which to present claim and bring action, held valid, if reasonable.**

A stipulation in a bill of lading limiting the time within which claim for loss or damage shall be presented, and within which actions may be commenced, is valid, if reasonable, and, unless good reason for delay is given, is binding.

3. **Carriers ⊚⇒160—Action commenced 117 days after discharge held barred.**

Under a bill of lading stipulation that actions for loss or damages must be commenced within 40 days of discharge, an action commenced 117 days after discharge was barred.

In Admiralty. Libel by Jardine, Matheson & Co., Limited, against the American steamship Eldridge, the United States, claimant. Libel dismissed.

Libelant seeks to recover the value of 98,405 pounds of wood oil alleged to have been lost by respondent vessel on being shipped from the port of Shanghai, China, in 2,040 casks, well conditioned, free from damage or defect, to the port of Seattle. The respondent ship was owned by the United States. Suggestion of interest in behalf of the United States and claim was filed by the United States attorney. Thereafter a general denial of the material allegations of the libel save that the 2,040 casks of wood oil were shipped, was filed, and it was also affirmatively alleged that the bill of lading and contract of shipment provided that: "All claims of shipper * * * for loss or damage * * * of said merchandise * * * shall be presented in writing to the carrier within ten days after discharge * * * and if such claim be not so presented such claim shall be * * * held to have been released * * * and barred."

A further condition of said bill of lading is asserted as follows: "No suit on any claim so presented or to recover for any such loss or damage shall be maintained, unless summons or other process be served upon carrier or steamer be attached within 30 days from and after the day and date that such claim be so presented, * * * and every such suit not so commenced within said 30 days * * * shall be and by every court so held to be barred and all claims and demands against the carrier or steamer alleged by complainant or libel therein shall be so held to have been released by shipper, owner, and consignee and to be abandoned and barred."

A further defense set up relies upon the following provision, among others: "As packages subject to leakage, this shipment accepted entirely at owner's risk of leakage."

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The proof establishes the above allegation and also shows that the bill of lading recites: "Shipped by Jardine, Matheson & Co., Limited, Hankow. The merchandise enumerated hereon * * * to be transported by the Dollar S. S. Line on board the S. S. Eldridge from Shanghai, China, unto the port of Seattle. * * *"—and that the bill of lading is signed at the bottom by "Jardine, Matheson & Co., Limited, per H. A. Allan, Shipper," and the face of the document shows a special stamp reading as follows: "As packages subject to leakage, this shipment accepted entirely at owner's risk of leakage. If necessary, re-cooper part or all of shipment at Pacific Coast port, cost of same to be paid by shipper and/or consignee. [Signed] Jardine, Matheson & Co., Limited, per H. A. Allan, Shipper."

The court heretofore announced a decision dismissing the libel on the ground that excuse to file its claim for loss or damage within 40 days, as provided in the bill of lading, had not been given. A motion for rehearing has been presented, and the matter is now submitted.

Bogle, Merritt & Bogle, of Seattle, Wash., for libelant.

Grosscup & Morrow, of Seattle, Wash., for respondent and claimant.

NETERER, District Judge (after stating the facts as above). [1] The libelant contends that the libel is based upon tort, and that the stipulation only has relation to contract, and that in any event the stipulation is without binding force as to the entire cargo. The libel clearly seeks to recover on contract of shipment. The testimony supports the shipping contract, the bill of lading being in evidence containing the stipulation as above set out.

[2, 3] A stipulation in a bill of lading limiting the time within which claim for loss or damage shall be presented, and within which actions may be instituted, is valid, if reasonable, and, unless good reason for delay is given, is binding. The time stipulated is 40 days, and the testimony shows that no action was commenced for 117 days, nor is excuse offered, and demand made only shortly previous to institution of suit. The Supreme Court in Georgia, Fla. & Ala. Ry. v. Blish Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, held as a prerequisite of an action that the notice of claim as required by the bill of lading must be given. To the same effect is Southern Pacific Co. v. Stewart, 248 U. S. 446, 39 Sup. Ct. 139, 63 L. Ed. 350; The Turret Crown (C. C. A.) 284 Fed. 439; The Arctic Bird (D. C.) 109 Fed. 167; The Verdi (C. C. A.) 282 Fed. 572.

In Gooch v. Oregon Short Line, 258 U. S. 22, 42 Sup. Ct. 192, 66 L. Ed. 443, the court declined to entertain an action where a party was riding upon "drover's pass," which contained a provision that a claim for injury should be presented in writing within 30 days. The party was injured and taken to the hospital by the railway company and treated by its physician more than 30 days; the party failing to give written notice to the railway company of claim for damages. The court held his failure to give the written notice barred his recovery.

The wood oil was unloaded October 18, 1919. The notice for claim for damages was verified December 18th following, and was indorsed as received by the claimant January 2, 1920. The action was commenced February 17, 1920. The limit of time stipulated in the con-

tract of shipment within which action may be commenced, if reasonable, is no longer an open question. The Henry S. Grove (D. C.) 283 Fed. 1019. See, also, Gulf, C. & S. F. R. Co. v. Gatewood, 79 Tex. 89, 14 S. W. 913, 10 L. R. A. 419; McCarty v. Gulf, C. & S. F. Ry. Co., 79 Tex. 33, 15 S. W. 164; Gulf, C. & S. F. Ry. Co. v. White (Tex. Civ. App.) 32 S. W. 322; McCormack v. U. S. (D. C.) 297 Fed. ——, 1923 A. M. C. 678.

The libelant cites in support of his contention the cases noted in the margin,[1] but these have no controlling application to the facts in this case.

The libel is therefore dismissed.

---

[1] In St. Louis, I. M. & S. Ry. v. Starbird, 243 U. S. 595, 37 Sup. Ct. 462, 61 L. Ed. 917, the court upheld a time limit of 36 hours for perishable commodities. See, also, Persiana, 185 Fed. 396, 107 C. C. A. 416; Austriaca De Navigazione v. Leon G. Tujague & Co., 231 Fed. 427, 145 C. C. A. 421; The San Guglielmo, 249 Fed. 588, 161 C. C. A. 514; Kidwell v. Oregon Short Line, 208 Fed. 1, 125 C. C. A. 313; Olson v. C. B. & Q. Ry. Co., 250 Fed. 372, 162 C. C. A. 442; Chesapeake & Ohio Ry. Co. v. McLaughlin, 242 U. S. 142, 37 Sup. Ct. 40, 61 L. Ed. 207; Erie R. R. v. Stone et al., 244 U. S. 332, 37 Sup. Ct. 633, 61 L. Ed. 1173; B. & O. R. R. Co. v. Leach, 249 U. S. 217, 39 Sup. Ct. 254, 63 L. Ed. 570; Erie R. R. Co. v. Shuart, 250 U. S. 465, 39 Sup. Ct. 519, 63 L. Ed. 1088; The Tampico (D. C.) 151 Fed. 689, 694; Central Vermont R. R. Co. v. Soper et al., 59 Fed. 879, 8 C. C. A. 341; Klair v. Railroad Co., 2 Boyce, 274, 78 Atl. 1085, 1097; B. Presley Co. v. I. C. R. Co., 120 Minn. 295, 139 N. W. 609; Cox v. Vermont Central R. Co., 170 Mass. 129, 49 N. E. 97; Kelly v. Southern R. R. Co., 84 S. C. 249, 66 S. E. 198, 137 Am. St. Rep. 842; Southern Railway Co. v. Bunch, 27 Ga. App. 689, 109 S. E. 523; Atlantic Refining Co. v. Railroad Co., 270 Pa. 415, 113 Atl. 570; Phillips v. R. R. Co., 172 N. C. 86, 89 S. E. 1057; Railroad Co. v. Hays, 13 Tex. Civ. App. 577, 35 S. W. 476; Railway Co. v. Reeves, 90 Tex. 499, 39 S. W. 564; Railway Co. v. Crowley (Tex. Civ. App.) 86 S. W. 342; Railway Co. v. Boshear, (Tex. Civ. App.) 108 S. W. 1032; Railroad Co. v. Bryce, 49 Tex. Civ. App. 608, 110 S. W. 529; Malloy v. Railway Co., 109 Wis. 29, 85 N. W. 130; Hatch v. Railway Co., 15 N. D. 490, 107 N. W. 1087; 10 Corpus Juris, 335; Moore on Carriers (2d Ed.) vol. 1, p. 484; Hutchinson on Carriers (3d Ed.) vol. 1, p. 476; Porter v. Southern Express Co., 4 S. C. 135, 16 Am. Rep. 762; Railway Co. v. Fifth Nat. Bank, 26 Ind. App. 600, 59 N. E. 43; Ridgway Grain Co. v. R. R. Co., 28 Pa. 641, 77 Atl. 1007, 31 L. R. A. (N. S.) 1178; Pierson v. Northern Pac. Ry. Co., 61 Wash. 450, 112 Pac. 509.