## PANHANDLE & S. F. RY. CO. v. LOCKHART. (No. 2534.)*

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1925. Rehearing Denied Nov. 18, 1925.)

1. Carriers ☞227(1)—Petition held to give sufficient basis to calculate damages claimed by plaintiff to shipment of cattle as against general and special demurrers.

In action against railroad for damages to shipment of cattle, held that petition was not subject to general or special demurrer as against contention that its allegations did not furnish sufficient basis for the calculation of the damages claimed.

2. Pleading ☞67—Plaintiff is not required to allege matters of defense of his cause of action.

Plaintiff is not required to allege matters of defense of his cause of action.

3. Carriers ☞227(1)—Court did not err in overruling defendant's exceptions to plaintiff's allegation of damages from rain and mud, on ground that rain and mud was an act of God.

In an action against railroad company, where plaintiff's petition for damages alleged part thereof to be occasioned by rain and mud in carrier's pens in which cattle were confined, held that court did not err in overruling special exceptions to such petition on ground that rain and mud was an act of God.

4. Carriers ☞228(2)—Carrier, sued for breach of common-law duty, has burden to plead and prove limitations on its liability.

When the breach of a common-law duty is made grounds of recovery, carrier has burden of pleading and proving limitations on such liability.

5. Appeal and error ☞216(1)—Proposition that court did not separate issues as to damages caused by rain and mud from other damages not reversible error, in absence of requested instruction to separate such items.

In action against railroad company for damages to cattle through delay in shipment and by rain and mud in pens, proposition that trial court failed to separate the items of damages caused by rain and mud as an act of God for jury's consideration held not to present reversible error, in absence of instruction requesting that such items be separately found by jury, especially in view of charge clearly informing what issues of damage were to be considered and jury's finding that damages were not occasioned by act of God.

6. Carriers ☞230(12)—Objection to charge as stating double damages immaterial, in view of court's limitation of recovery.

In action for damages to shipment of cattle in delay, and by mud and rain in pens in which cattle were confined, proposition that court's charge stated double damages in allowing $649 damages for shrinkage and difference in market value, and $649 damages for damage caused by confinement in muddy and boggy pens, held immaterial, where charge limited possible finding of jury for plaintiff to the sum of $649.

7. Carriers ☞230(7)—In suit for delay, not error to submit case on theory of oral agreement to furnish cars, though later written contract specified no particular time.

A local agent of a railroad company has the authority to make a contract to furnish cars at a definite time, for breach of which shipper has a cause of action which is not merged in a written contract entered into at a later time, and hence in action against railroad company for delay in shipment it was not erroneous to submit case to jury on theory defendants agreed orally to furnish cars at a specified time, though written contract, later entered into, specified no particular time.

Appeal from Gray County Court; John T. Ayres, Judge.

Suit by C. H. Lockhart against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, Hoover, Hoover & Willis, of Canadian, and Studer & Studer, of Pampa, for appellant.

Chas. C. Cook, of Pampa, and E. J. Pickens, of Canadian, for appellee.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 20, 1926.

RANDOLPH, J. This suit was brought by Lockhart as plaintiff against the Panhandle & Santa Fé Railway Company as defendant, to recover damages to a shipment of cattle.

The evidence discloses that the shipment consisted of two cars of calves and one car of cows and one bull. The cattle were placed in defendant's pens about 9 o'clock Saturday morning, September 29, 1923. They were kept in such pens during the balance of that day, during that night, and until the afternoon of Sunday, September 30, 1923, when they were shipped to Kansas City, arriving at their destination Tuesday afternoon, October 2, 1923. Plaintiff in his petition seeks recovery for damages based on the failure of the defendant to carry out a contract made with the agent of the defendant; for delay in the performance for forty hours beyond the ordinary time for such shipments to be sent through, for damages to said cattle by being kept in muddy pens and for one dead cow. Such additional statements will be made as are necessary under our discussion of the case.

[1] By its proposition No. 1, appellant insists that the trial court erred in not sustaining its general demurrer and in not sustaining its special demurrer, leveled at the petition, on the ground that the petition does not furnish by its allegations any basis for calculating the damages claimed, not showing the weight of the cattle, and stating merely the conclusions of the pleader. The plaintiff's petition alleges the market value of the cattle at their destination, the number and kind of cattle; alleged what they would have weighed had they been transported without delay as contracted for; that by reason of the alleged negligence of defendant they shrunk in weight a certain number of pounds, and that one died in transit; that the market declined 50 cents per hundred pounds; and that he was damaged $354.15 on account of the decline and $274.90 by reason of excess shrinkage.

We think the court did not err in overruling the general and special exceptions. There was a sufficient basis given in the petition for the jury to calculate the damages claimed by the plaintiff. Fort Worth & R. G. Ry. Co. v. Montgomery (Tex. Civ. App.) 141 S. W. 813; Galveston H. & S. A. Ry. Co. v. Crippen (Tex. Civ. App.) 147 S. W. 361 (writ denied).

Appellant presents the question in its fifth proposition, that a petition for damages against a carrier, alleging that such damages were occasioned by rain and by mud in the carrier's pens in which cattle were confined awaiting shipment, is insufficient against a special exception that such rain and mud was the act of God for which the carrier would not be liable, and by its sixteenth proposition insists raising the question that the damages shown having been caused in part by rain and mud, which was the act of God, and it is also insisted by appellant that it was reversible error in the trial court to have overruled such exception, and it was also reversible error in such court to include in his charge such damages and to fail to exclude such as were caused by the rain and mud alone.

[2, 3] The plaintiff is not required to allege matters of defense of his cause of action. The defendant pleaded that the rain and mud "was the act of God," and the court did not err in overruling such exception. Missouri Pac. Ry. Co. v. China Mfg. Co., 79 Tex. 26, 27, 14 S. W. 785.

[4] When the breach of the common-law duty of a carrier is made the ground of the recovery, the burden is on the carrier, not only to plead, but to prove, the limitations on its liability. St. Louis, etc., Ry. Co. v. Bryce, 49 Tex. Civ. App. 608, 110 S. W. 529; Missouri Pac. Ry. Co. v. Childers, 1 Tex. Civ. App. 302, 21 S. W. 76; St. Louis, etc., Ry. Co. v. Hays, 13 Tex. Civ. App. 577, 35 S. W. 476.

[5] The second question noted above as being presented by the sixteenth proposition, is based on appellant's ninth objection to the trial court's charge and, in our opinion such proposition does not present the error complained of in such objection. The sixteenth proposition is as follows:

"Where part of the damage to a railroad shipment is shown to have been caused by rain and mud, which was the act of God, it is reversible error for the trial court to include in his charge such damages and to fail to exclude such damage caused by the rain and mud alone."

The question presented by this proposition is the failure of the trial court to separate the items of damage for the jury's consideration.

The ninth objection made to the court's charge is as follows:

" * * * In view of the fact that the uncontradicted testimony shows a part of the trouble occasioned in the pens, and a part of the delay occasioned in the shipping pens was caused by the rain, such charge ignores such issue as to the rain being beyond the control of this defendant, or being an act of God, for which it would not be responsible, and thus assumes to the jury that defendant was liable for the conditions caused by the rain, and would cause the jury to render a verdict against it by reason of the injuries which might have been caused by such rain."

The question presented by this objection is that the rain, being an act of God, causing a part of the damages to the plaintiff's cattle, the plaintiff was not entitled to recover such part. This objection assumes, first, that it was the duty of plaintiff to plead that the damages were not caused by an act of God; and, second, it presents an entirely different

question from that in the proposition, and should not be considered by us. The trial court gave a general charge which stated the grounds relied on by the plaintiff for a recovery, and also presented defendant's defense of contributory negligence, and then charged the jury that, if they should find for the plaintiff, the form of their verdict should be as follows:

"We, the jury, find for the plaintiff and assess his damages against the defendant the Panhandle & Santa Fé Railway Company at the sum of —— dollars, filling in the blank with the amount found by you, if any."

By his charge, the court clearly informed the jury what issues of damage they were to consider, and limited the recovery to the total amount claimed by the plaintiff. There was, in the absence of a requested instruction, no error in this. If the defendant desired that such items should be separately found by the jury, it should have requested the giving of such instruction. Southwestern Portland Cement Co. v. Bustillos (Tex. Civ. App.) 216 S. W. 268, 272; Welge v. Jenkins (Tex. Civ. App.) 195 S. W. 272, 274.

In the consideration of the two last propositions, it must be remembered that the trial court, in his charge to the jury, instructed them, in appellant's special requested instruction No. 8, that the railway company was not liable in this case "for any loss occasioned by the act of God, nor for delays caused by stress of weather, or other causes beyond the carrier's control," and that the jury's general verdict was rendered under this charge, and they therefore found against the defendant on this very proposition.

[6] The objection to the court's charge that it states double damages because the court, in telling the jury that the cattle sustained a damage of $649 by reason of shrinkage and difference in their market value, and, in another paragraph alleged that the cattle were confined in muddy and boggy pens awaiting transportation, which caused them to lose weight and depreciate in market value in the sum of $649, stated double damages claimed by plaintiff. This objection becomes immaterial, in view of the trial court's limiting the jury in a possible finding for plaintiff to the sum of $649, which the jury did not exceed.

[7] Under its propositions Nos. 11 and 12, appellant insists that, when the plaintiff's petition declares upon a failure to transport cattle within a reasonable time, by the use of ordinary care on the part of the carrier, it is reversible error for the court to submit the same to the jury upon the theory that the defendant agreed to furnish cars at a specific time; the evidence showing that the shipment was based upon a written contract not specifying any particular time for shipment, and that the case should not have been submitted

to them upon the oral contract; such oral contract having been merged in the written contract.

We overrule these propositions. A local agent of a railroad company has the authority to make a contract to furnish cars at a definite time and to require the shipper to have his cattle on hand at that time, and the plaintiff has a legal cause of action, where he has been injured, based upon the failure of the railway company to comply with such contract, and such legal cause of action is not merged in a written contract entered into at a later time. San Antonio & A. P. Ry. Co. v. Timon, 45 Tex. Civ. App. 47, 99 S. W. 418, (Tex. Civ. App.) 110 S. W. 82, affirmed in 102 Tex. 222, 114 S. W. 792.

There are twenty-seven propositions presented in appellant's brief. We have considered each of them, and, finding no reversible error, we affirm the judgment of the trial court.